Sneed, J.,
delivered the opinion of the Court.
The defendant, Boone, is the Sheriff of the county of Robertson, and the other defendants are the sureties on his official bond. A judgment, on motion, was rendered against the defendants in the Circuit Court of said county, for an insufficient return of an execu *12 tion placed in the hands of said Sheriff, from which they have appealed in error. The plaintiff, as administrator of the estate of L. W. Willis, recovered a judgment in the Circuit Court of Robertson, at the Eebruary Term, 1871, against one Baker, for $261.70 and costs, and the execution thereon tested of that term, was issued to the defendant Boone on the 11th March thereafter.
The defendant Boone received the money on said execution, and on the 22d of March, 1871, endorsed thereon, “satisfied in full.” In the Circuit Court of said county, on the 7th of February, 1868, a judgment had been rendered against Willis, the intestate of the plaintiff, from which an appeal in error was prayed and obtained by Willis to this Court. This case was not disposed of in this Court until the 1st of February, 1871, when the judgment below was affirmed. The defendant Willis having in the meantime died, and the plaintiff Gunn having qualified as his administrator, the judgment of this Court was against the latter in his representative character, and the execution was issued against him on the 8th of April, 1871. This latter execution also came to the hands of defendant Boone on the day it was issued by the Clerk of this Court. The plaintiff had in the meantime, on the 21st December, 1870, suggested the insolvency of the estate of Willis, his intestate, in the County Court, and had made due advertisement thereof. The defendant Boone having retained the collection on the plaintiff’s execution until he received Boyd’s execution against the plaintiff, appropriated the same in satisfac *13 tion of tbe latter pro tanto, and on the 27th of April, 1871, so endorsed his return on the execution.
We hold that the Sheriff had no right to make this application of the funds belonging to an estate whose insolvency had been suggested, and proper notice thereof given to the public; and though he seems to have acted with perfect good faith in the' transaction, yet it is just as much a conversion of the funds as any other misapplication of them would be. The judgment of Boyd against the plaintiff created no lien upon the funds realized upon the plaintiff’s execution against Baker, nor was such lien created by execution thereon, though relating in its teste to the first Monday in December, the first day of the term of this Court at which the judgment was rendered, a period prior to the suggestion and notice of insolvency.
A contrary ruling would be a perversion of the statutes regulating insolvent estates, which are intended to put all creditors, save such as have acquired specific liens by mortgage, levy, or otherwise, upon an equal footing in the distribution of the personal assets of an insolvent estate. It may be conceded, then, that no valid prior lien, mortgage, or security, acquired by a creditor upon property of an intestate, is affected by a suggestion of insolvency, and such is the express ruling of this Court. But the very terms of the insolvent laws exclude the idea that an execution issued upon a judgment rendered after the injunction created by the suggestion and notice of insolvency, shall operate as a lien upon the personal assets of such estate. *14 Such a construction would necessarily defeat the objects of their just and equitable provisions.
The assets of such estates are to be divided rata-bly among creditors, and no action brought, judgment, bill single, or note of hand, shall take precedence over unliquidated accounts: Code, s. 2326. No time is, therefore, prescribed within which the representative is required to make the suggestion; but he is authorized to make it whenever he ascertains the estate to be insolvent; and such suggestion, and the - advertisement thereof, operate at once as an injunction. And it is expressly provided that, on the rendition of any judgment on suits instituted before such suggestion, the Court or Justice shall cause the same to be certified to the County Court before which the suggestion is made: Code, s. 2333; Morris v. McAnally, 3 Col., 304; Campbell v. Hancock, 7 Hum., 75. This provision certainly does not contemplate the issuance of an execution, and the creation of a lien thereby, when the suggestion has been made and the notice given before the issuance of said execution, and, as in this case, before the judgment was rendered.
The judgment of itself being no lien upon the personalty, the mere fiction of a relation of the execution back to a period anterior to the suggestion, can not create one. It is unquestionably true that in ordinary cases an execution binds personal property from its teste: Daley v. Perry, 9 Yerg., 442; Peck v. Robinson, 3 Head, 438. But the rights of these parties do not turn upon that isolated question, but upon the effect of the positive provision of the statute already *15 cited: that on the rendition of any judgment on suits instituted before such suggestion of insolvency, the Court or Justice shall cause the same to be certified to the County Court before which suggestion is made. The return of the Sheriff, therefore, in this case, can not protect him.
But it is argued, on behalf of the defendants, that the judgment in this case is a nullity, and especially so as to the sureties, because it does not recite all the facts essential to give the Court jurisdiction. It is certainly true that in a proceeding of this nature, every fact necessary to give jurisdiction to the Court rendering the judgment should be made to appear. And it is certainly true that the form of the judgment in this case is inartificial, and subject to technical criticism. It is alleged, as a fatal objection to the judgment, that it does not state the return term of the execution; nor does it allege in so many words that the parties charged as sureties ever became such.
In determining the legal rights of these parties, we are assisted by the appearance in the bill of exceptions of the execution, and the bond of the Sheriff, with the date of the issuance of the former, and the signature and memorandum of acknowledgement of the defendant and the sureties to the latter, and every fact necessary to give the jurisdiction is therein embodied. "While these themselves might not be sufficient, yet we are relieved of difficulty by -the fact that the judgment itself in effect shows these facts.
The date of the issuance of the execution is stated in the judgment; the time when it became returnable *16 is matter of law. The names of the defendant and the persons whose names are subscribed to the bond as sureties appear in the style of the case as prefixed to the motions, and also in the style of the case as prefixed to the judgment itself; and it is manifest that by a mere clerical error the word “defendant” is used for the word “defendants,” when the latter should appropriately appear in the judgment.
The case of Barry v. Patterson, 3 Hum., 314, relied on by the defendants, is therefore not an authority in this case. It nowhere appears in that case, either in the judgment or elsewhere, that the parties against whom judgment was rendered as sureties had ever become bound as such; or, indeed, that they were in any manner connected with the case.
Let the judgment be affirmed.
Note. — In Clingman v. Barett, 6 Hum., 23, the Court say that, although tiie facts are not recited in the judgment, if they are set out in the bill of exceptions, it may be seen, therefrom, that the Court had jurisdiction.