WILLIAM C. SHAW and others *vs.* E. E. PATTERSON and others.

## October Term, 1874.

MOTION TO DISMISS FOR WANT OF EQUITY—LEGAL DEFENCES.—Where a bill is filed to enjoin a judgment at law upon purely legal defences, the objection of the want of jurisdiction may be made by motion to dismiss the bill for want of equity on its face.

;SAME—EFFECT OF OVERRULING.—The overruling of a motion to dismiss a bill for want of equity on its face will not preclude the court, on final hearing, from giving the defendant the benefit of the motion.

;SHERIFF AND DEPUTY SHERIFF—CASE IN JUDGMENT.—A deputy sheriff, against whom the sheriff has taken judgment over by motion, after a recovery against himself for the default of the deputy, has no equity to be relieved upon a defence which might have protected the sheriff from the original recovery, unless he avers and shows that the sheriff was notified of the defence and neglected to make it, or failed to give the deputy sheriff an opportunity to defend the original suit.

EVIDENCE ON ISSUE NOT RAISED BY THE PLEADINGS.—Evidence in relation to matters not put in issue between the parties by the pleadings is irrelevant, and furnishes no ground for a decree.

*Jno. Reid* and *Baxter Smith*, for complainants.
*M. Vaughn* and *Hicks*, for defendants.

THE CHANCELLOR :—Bill filed January 2, 1869, and alleges in substance that at the November term, 1865, of this court, a decree was rendered in favor of T.W. Pettus, against J. J. D. R. Shumate, Andrew Gregory and W.B. Evans, for $1,124.11 and costs ; that, on the 20th of April, 1866, an execution issued on this decree, which came to the hands of the defendant E. E. Patterson, then sheriff of this county, who afterwards placed it in the hands of complainant William C. Shaw, then one of his deputies as sheriff. That, sometime after the said *fieri facias* came to complainant's hands, it being apparent that the money could not be made on it out of the defendants, the agent and attorney of the said Pettus applied to complainant for the execution, stating that he could make the money by filing a bill, would take good care of, and return, it ; and complainant Shaw thereupon handed it to him, and he has kept or mislaid the same, for which reason it was not returned. That, at the April term, 1868, of this court, a judgment by motion was recovered by said Pettus, against the defendant Patterson, and his sureties as sheriff, for the non-return of said execution as aforesaid. That, at the same term, the defendant, upon motion, recovered judgment over against complainant Shaw, as deputy sheriff, and the other complainants as his sureties as

deputy sheriff, without notice and without their knowledge, for the amount of the recovery so had against him. That complainants are advised that, complainant Shaw not having notice of. said last motion, the judgment recovered against them is void.

The defendants moved to dismiss the bill for want of equity on its face. This motion was overruled by the Chancellor, with leave to the defendants to rely upon a demurrer in their answer. No demurrer was, however, relied upon by the answer, but the legal effect of the reservation was to give the party the right to rely upon the matter on the final hearing. *Cronin* v. *Watkins*, 1 Tenn. Ch. 119.

The defences set up by the bill to the judgment enjoined are that the judgment is void for want of notice to the complainant Shaw, and that complainant Shaw had failed to return the execution because the agent and attorney of Pettus, the plaintiff in the execution, had taken the execution from him. The first of these grounds was abandoned at the hearing, it being very clear that no notice was necessary under the Code, § 3585. And the second was clearly a legal defence to the motion. *Robinson* v. *Harrison*, 7 Humph. 189 ; *Koger* v. *Donnell*, 1 Head, 378. Legal defences ought to have been made at the time of the motion, or, if the defendant had not the opportunity of then making defence without fault on his part, by writ of error *coram nobis.* Code, § 3110. If the motion to dismiss had, therefore, been plainly made on the ground of want of jurisdiction in the court, it would have been well taken. Code, § 4309. Want of jurisdiction over the subject-matter falls within this section. *Greene* v. *Starnes*, 1 Heisk. 582 ; *Bennet* v. *Wilkins*, 5 Coldw. 240.

It has never been directly determined that a motion to dismiss for want of equity on the face of the bill would include the want of jurisdiction over the subject-matter of relief, but, upon principle, there seems to be no doubt it would, for the want of such jurisdiction is, ordinarily, all

that is meant by want of equity on the face of the bill. And it would seem to be equally clear that the overruling of such a motion would not preclude the defendants from claiming the benefit of the motion on final hearing. The rule of the court is that it is not concluded, upon final hearing, from looking into the bill upon the points embraced in an overruled motion, or demurrer, or other proceeding intermediate to the final hearing, and the defendant may insist upon them in his answer, or *ore tenus* at the bar. *Avery* v. *Holland,* 2 Tenn. 469 ; *Dormer* v. *Fortescue,* 2 Atk. 284 ; *Fourniquet* v. *Ewing,* 16 How. 82 ; *Shrewsbury R. Co.* v. *London R. Co.,* 4 De G., M. & G. 115. And there is an obvious reason why such should be the rule under our practice ; for, on appeal, the appellate court will be compelled to go back to the first error committed, and, if a motion or demurrer has been erroneously overruled, to reverse the ruling and dismiss the bill. *Morris* v. *Richardson,* 11 Humph. 389. Being of opinion, therefore, that the bill fails to make out a case of equitable relief, and that it is my duty now to act on this opinion, notwithstanding the ruling of my predecessor, the bill must be dismissed.

If the bill had alleged, as it does not, that the judgment by motion was void, because it fails to name the parties against whom it is rendered, in the body of the entry, naming them only in the caption, the result would be the same. Such a judgment is valid, even when directly attacked. *Gunn* v. *Boone,* 7 Heisk. 8. And, *a fortiori,* when attacked only collaterally. *Hall* v. *Tompkins,* 9 Humph. 592.

The bill is, moreover, in my opinion, defective in substance. The defence made by it, although it may be strictly legal, is not equitable as against the defendants, unless supplemented by showing that the defendant Patterson was notified of the defence previous to the recovery against him, or was culpably negligent in not giving the complainant Shaw an opportunity to have enabled him successfully to defend the original motion. There is an

attempt in the evidence to supply this omission, but, there being no issue made upon it by the pleadings, the evidence was irrelevant. *Gordon* v. *Gordon*, 3 Swans. 472; *Browning* v. *Pratt*, 2 Dev. Eq. 49; *Tripp* v. *Vincent*, 2 Barb. Ch. 614; *Vansciver* v. *Bryan*, 2 Beas. 434; *Sheratz* v. *Nicodemus*, 6 Yerg. 13.

But, if the pleadings had made out a case of equitable defence, the evidence fails satisfactorily to sustain it. The burden is, it must be noted, upon the complainants. The defendants are liable upon the original judgment taken against them by Pettus, and, as the recovery was for a default on the part of the complainant Shaw, the burden is upon him to make out a clear case entitling him to relief in equity. This he has failed to do. The bill must, therefore, be dismissed.

But, inasmuch as the defendants have failed to show, as they might have easily done if the fact were so, that complainant Shaw was notified of the pendency of the original motion, the defendant Patterson must pay all costs.