## SIMMONS *v.* TAYLOR.

### (*Nashville.*   March 19, 1892.)

1. FORCIBLE ENTRY AND DETAINER.    *Recovery of rents upon certiorari and supersedeas bond, where had.*

   Upon removal of a forcible entry and detainer case, by an unsuccessful defendant, from the Justice's Court to the Circuit Court by *certiorari* and *supersedeas,* he is required to give bond with sureties "of sufficient amount to cover, besides costs and damages, the value of the rents of the premises during the litigation."   And if upon the trial in the Circuit Court the plaintiff recovers the land, the statute provides that the jury shall "ascertain and find the value of the rents during the time the plaintiff has been kept out of possession, and the Court shall give judgment against the defendant and his sureties accordingly."

   *Held:* The statute is mandatory, and that the remedy upon the bond for rents therein provided is exclusive.   The sureties on the bond cannot be held for rents in a separate suit, but only in the forcible entry and detainer case.

   Code construed: §§ 4093, 4094 (M. & V.); §§ 3373*a,* 3363 (T. & S.).

   Case cited and approved: Weigand *v.* Malatesta, 6 Cold., 366.

   Case cited and distinguished: White *v.* Bowman, 10 Lea, 55.

2. RES ADJUDICATA.

   And therefore the judgment in the forcible entry and detainer case is *res adjudicata* as to the liability of the sureties on the bond for rents, and a complete bar to a subsequent suit upon that bond, although the matter of rents was not in fact considered on the trial of the forcible entry and detainer case, and the judgment in that case is silent as to rents.

---

FROM FRANKLIN.

---

Appeal in error from Circuit Court of Franklin County.   M. D. SMALLMAN, J.

---
Simmons *v.* Taylor.
---

J. H. SMITH for Simmons.

JAMES TURNEY for Taylor.

CALDWELL, J.    This is an action on a *certiorari* and *supersedeas* bond.

Dick Taylor rented a house and lot in Winchester to Scott Davis.    After the expiration of the contract, he commenced an action of unlawful detainer before a Justice of the Peace to recover possession of the property.    The Magistrate rendered judgment in his favor, and awarded a writ of possession.    Thereupon Davis filed his petition in the Circuit Court, and obtained writs of *certiorari* and *supersedeas*, executing proper bond, with John Simmons as surety thereon.    The case was tried before Court and jury, resulting in a verdict and judgment in favor of Taylor.

The present action was brought before a Justice of the Peace, upon the *certiorari* and *supersedeas* bond executed in that case, to recover the rental value of the house and lot during the pendency of that suit in the Circuit Court.    The Magistrate's judgment was adverse to Taylor, and he appealed to the Circuit Court.    There verdict and judgment were in Taylor's favor for $25.33.    From that judgment Simmons appealed in error to this Court.

What is the legal effect of the judgment in the former suit upon the right of plaintiff to the recovery sought in this case?

Counsel of plaintiff in error contends that the judgment in that suit concludes the question of

rents, and effectually bars the present action. While, on the other hand, Taylor's counsel insists that, as a matter of fact, the question of rents was not considered in the other suit, and that, therefore, it is open for adjudication in this action.

There is no affirmative proof that any issue was formed or controversy raised with reference to the matter of rents in the former suit. The record in that case does not show that the question was considered by the jury or adjudged by the Court. The verdict was general, the jury simply finding "the matters in controversy in favor of the plaintiff," Taylor; and upon that verdict the Court simply adjudged "costs" against Davis and his surety, and awarded a writ of possession in favor of Taylor.

It is plausibly argued, and may be conceded, that, *as a matter of fact*, the question of rents was not adjudged in that case; but whether the judgment there rendered should be held to operate in law as *res adjudicata* of that question, and thereby preclude Taylor from maintaining this action, is not so easily decided, and does not necessarily depend upon that proposition.

The trial Judge instructed the jury that the present action could be maintained, and that plaintiff was entitled to recover rents accruing while the former suit was pending if they should find that "the question of rents was not settled" in that case, and that the rents had not otherwise been paid.

By the Act of 1835, Ch. 35, secs. 1 and 2 (Car. & Nich., 348), a person seeking *certiorari* and *supersedeas* in an action of forcible entry and detainer, or of *unlawful detainer*, was required to give bond, first, for costs and damages resulting to the adverse party from the wrongful prosecution of such writs, and, secondly, " to pay and satisfy the defendant in damages for the wrongful detention of the premises."

A bond executed under that statute was severable, and afforded proper foundation, if breached, for two distinct judgments in separate actions—one being based upon the former and the other upon the latter condition in the bond. A judgment in the first suit against the petitioner and his surety for costs and awarding a writ of possession, as in the case now under consideration, did not, under that statute, preclude a separate and distinct action by the landlord upon the bond to recover " damages for the unlawful detention of the premises." *Hurt* v. *Dougherty*, 3 Sneed, 418.

Section 6, Ch. 86, Acts of 1842, met the same purpose as the Act of 1835—that of securing to the landlord his rents as well as costs of suit— by such change of phraseology as to require the petitioning defendant to give bond in double the value of *one year's rent* of the premises, conditioned to prosecute the *certiorari* with effect or pay all costs and damages arising from wrongfully suing it out. Nicholson's Stat., 167; Code of 1858, § 3362.

The landlord's protection was enlarged by the

second section of Ch. 67, Acts of 1869–70, so as to require petitioner to give bond "of sufficient amount to cover, besides costs and damages, the value of the rent of the premises *during the litigation.*" Code (T. & S.), § 3373*b;* (M. & V.), § 4093.

Such was the law when Davis gave the bond upon which the present action is based, and such is the legal effect of the obligation on which appellant, Simmons, became surety.

Though the same in extent, covering both costs and rents, his obligation is not severable, as were bonds executed under the Act of 1835; and, besides that difference, the remedy on *certiorari* and *supersedeas* bonds was changed after the passage of that act.

The sixth section of Ch. 86, Acts of 1842 (in addition to the requirement that the bond should be in double the value of one year's rent of the premises), provided that "if the defendant shall obtain the *certiorari,* and, upon the trial in the Circuit Court, the jury shall find that the plaintiff is entitled to possession of the land, they shall ascertain and find the value of the rents during the time the plaintiff has been kept out of possession; and the Court shall give judgment against the defendant and his securities accordingly." Nicholson's Stat., 167.

This latter provision was carried into the Code of 1858 at § 3363, and is found in the compilation by Milliken and Vertrees at § 4094. It is now the prevailing law on that subject.

Manifestly, the object of the Legislature was thereby to provide for and *require* a full and complete adjudication of the question of rents in the pending suit, without turning the parties over to a second litigation about it. The remedy thus given is exclusive, the only one left or allowed, at least so far as liability upon the bond is concerned.

The terms of the statute are mandatory. They require, in the given case, that the jury "*shall* ascertain and find the value of the rents," and that "the Court *shall* give judgment against the defendant and his securities accordingly." This means, of course, that the party claiming rents shall submit the question upon such proof as he may desire or be able to produce, and that, when he has done that and the other party has introduced his proof, the jury shall make due return on the matter in their verdict, and the court shall embrace it in its judgment.

The policy is a wise one, tending as it does to prevent a multiplicity of suits.

Taylor could and should have presented his demand for rents in the former suit. Whether he in fact did so or not is immaterial in this case. If he did, the verdict, failing to find any thing due him, is conclusive against him; if he did not, he is equally concluded by his failure to avail himself of the only remedy the law gives him upon the bond. See *Weigand* v. *Malatesta*, 6 Cold.; 366.

The case under consideration is not controlled by the case of *White* v. *Bowman,* 10 Lea, 55,

Simmons *v.* Taylor.

wherein it was decided that an action at law might be maintained upon an *injunction* bond.

The *certiorari* and *supersedeas* bond, in one and the same instrument, covers both costs and damages, and, under the present law, is not severable; while in case of injunction the costs are covered by a prosecution bond (Code, § 3187) and damages are secured by an injunction bond (Code, § 4439), which is an entirely distinct obligation, and may have different sureties.    The liability upon the injunction bond, but not upon the prosecution bond, may be ascertained and enforced by a reference in the injunction suit itself (Code, §§ 4449), or by an independent action at law.    10 Lea, 55.

Reverse and remand.

Chief Justice TURNEY, being related to one of the parties, did not sit in this case.