# J. P. PHILLIPS *v.* A. G. LANDESS *et al.*

## (*Nashville.* December Term, 1925.)

1. **JUDGMENT.**

A summary judgment, on motion, must recite the necessary juris-
dictional facts, and cannot be aided by extrinsic proof. (*Post,*
p. 686.)

Cases cited and approved: Butterworth v. Brown, 15 Tenn., 467;
Atkins v. Murphey, 17 Tenn., 264; Ferrel v. Finch, 16 Tenn., 432;
Jones v. Read, 20 Tenn., 335; Tipton v. Harris, 7 Tenn., 414;
Hamilton v. Burum, 11 Tenn., 355; Rucker v. Moore, 48 Tenn., 726;
Francis v. Washburn, 6 Tenn., 294; Bittick v. McEwen, 54 Tenn., 1;
Crockett v. Parkison, 43 Tenn., 219; Snell v. Rawlings, 22 Tenn.,
85; Singleton v. Bell, 3 Tenn., 267;. Curry v. Munsford, 52 Tenn.,
61; Gunn v. Boone, 54 Tenn., 8; Porter v. Webb, 12 Tenn., 161;
Ragsdale v. State, 32 Tenn., 416; Stuart v. McCuistion, 48 Tenn.,
427; Cheatham v. Jones, 6 Tenn., 37; Haynes v. Gates, 39 Tenn.,
598; Garner v. Carroll, 15 Tenn., 365; Gower v. Shelton, 84 Tenn.,
652; Johnson v. Johnson, 53 Tenn., 240; Anderson v. Binford, 61
Tenn., 310; Ex parte Craighead, 59 Tenn., 640.

2. **INJUNCTION.** Summary judgment on injunction bond allowable
only on dissolution of injunction against a money judgment, and
cannot exceed penalty of bond, except on proof of malice and want
of probable cause; other cases requiring independent suit or ref-
erence (Shannon's Code, sections 6259, 6264).

Under Shannon's Code, section 6264, a summary judgment on an in-
junction bond is allowable only on dissolution of an injunction to
stay proceedings on a judgment for money, in which case the judg-
ment cannot exceed the penalty of the bond, except on proof of
malice and want of probable cause, and in all other cases, under
section 6259, defendant can maintain an independent suit or have
reference to ascertain damages. (*Post, pp.* 686, 687.)

Phillips v. Landess.

Cases cited and approved: Land and Mining Co. v. Tarwater, 126 Tenn., 601, 150 S. W., 539; Hawkins v. Hubbell, 127 Tenn., 315; White v. Bowman, 78 Tenn., 55; Simmons v. Taylor, 91 Tenn., 368.

Codes cited and construed: Secs. 6259, 6264 (S.).

3. INJUNCTION. Condition justifying summary judgment by motion on injunction bond cannot be read into bond (Shannon's Code, section 6264).

Unless injunction bond is so conditioned as to justify a summary judgment by motion, under Shannon's Code, section 6264, the court cannot read such a condition into the bond. (*Post, p. 687.*)

Case cited and approved: Spears v. Sherman, 148 Tenn., 430.

Code cited and construed: Sec. 6264 (S.).

4. INJUNCTION. Decree, rendering summary judgment on injunction bond failing to state nature, condition, and penalty of bond, held void (Shannon's Code, section 6264).

A decree, rendering a summary judgment on an injunction bond, but failing to state nature, condition, and penalty of bond, fails to recite the necessary jurisdictional facts, under Shannon's Code, section 6264, and is void. (*Post, p. 687.*)

5. EXECUTION. Injunction bond, in suit to enjoin money judgment conditioned to perform judgment of court sufficiently conforms to statute (Shannon's Code, section 6256).

A bond to enjoin execution on a money judgment conditioned to perform the judgment of the court conforms to Shannon's Code, section 6256, requiring bond to pay the amount of the judgment or perform the judgment, rendering the surety liable. (*Post pp. 687, 688.*)

6. EXECUTION. Fixing of penalty of injunction bond to stay execution on money judgment at slightly less than double amount of judgment held not open to objection by surety (Shannon's Code, sections 6256, 6257, 6264).

Shannon's Code, sections 6256, 6257, 6264, is not intended to be exclusive and mandatory so as to deprive court of inherent right to fix penalty of bond, as a condition precedent to issuing an injunction, so that a penalty fixed at slightly less than double the

amount of the judgment enjoined cannot be complained of by surety. (*Post, pp.* 688-690.)

7. **EXECUTION.** Injunction bond, in action to enjoin execution, is taken in lieu of deposit of money with master.

An injunction, in action to enjoin execution of a money judgment, is taken in lieu of the deposit of money with the master. (*Post, p.* 690.)

Cases cited and approved: Conway v. Jett, 11 Tenn., 481; Black v. Caruthers, 25 Tenn., 87; Chester v. Apperson, 51 Tenn., 654.

8. **EXECUTION.** Statute for issuance of injunction bonds to stay execution of money judgment requires surety to pay amount of decree (Shannon's Code, section 6256).

Shannon's Code, section 6256, providing that bond for injunction restraining money judgment be conditioned "to perform the decree of the court," makes surety, where money is decreed, liable for amount of decree. (*Post, p.* 690.)

Cases cited and approved: Wood v. McFerrin, 61 Tenn., 493; Hubbard v. Fravell, 80 Tenn., 315; Ranning v. Reeves, 2 Tenn. Ch., 267.

---

FROM COFFEE.

---

Appeal from the Chancery Court of Coffee County.— Hon. T. L. Stewart, Chancellor.

J. J. Finley and Ewell & Ewell, for appellant.

Maynard Tipps, B. F. Paty and A. L. Davidson, for appellees.

Mr. Justice McKinney delivered the opinion of the Court.

Complainant Phillips filed the original bill for the purpose of enjoining the issuance of an execution upon the following decree appearing upon the minutes of the chancery court of Coffee county, to-wit:

### J. J. Davis v. T. R. Holmes et al.

"In Chancery at Manchester, Tennessee.

"In this cause the defendants moved the court to vacate and also waive any right of action for damages on the injunction bond, its former decree or order of ref· erence to the C. & M. to ascertain the amount of damages sustained by the wrongful suing out of the injunction, and further moved the court for judgment against the principal, J. J. Davis, and his surety on the injunction bond, J. P. Phillips, for the sum of $264.45, with interest thereon from August 3, 1921, and in consideration thereof it is therefore ordered and decreed by the court that the decree pronounced in this cause ordering a reference to the C. & M. to ascertain the damage sustained by the wrongful suing out of the injunction be vacated, set aside and for nothing held, and it is further ordered and decreed by the court that the defendant, People's Bank & Trust Company, have and recover of J. J. Davis and J. P. Phillips the sum of $264.45, with interest thereon from August 3, 1921, for which execution may issue as at law. O. K. J. J. Finley for Complt. B. F. Paty for Defts."

The theory of the bill is that the decree is void for the reason that it does not recite sufficient facts to make it appear that the court had jurisdiction to enter a summary judgment upon motion. There can be no question

that this was a summary judgment upon the motion; the decree so recites.

It is well settled, under the decisions of this court, that such a judgment must recite the necessary jurisdictional facts. *Butterworth* v. *Brown,* 7 Yerg., 467, 471; *Atkins* v. *Murphey,* 9 Yerg., 264, 265; *Ferrel* v. *Finch,* 8 Yerg., 432, 434; *Jones* v. *Read,* 1 Humph., 335, 342; *Tipton* v. *Harris,* Peck., 414; *Hamilton* v. *Burum,* 3 Yerg., 355; *Rucker* v. *Moore,* 1 Heisk., 726; *Francis* v. *Washburn,* 5 Hayw. 294, 297; *Bittick* v. *McEwen,* 7 Heisk., 1; *Crockett* v. *Parkison,* 3 Cold., 219; *Snell* v. *Rawlings,* 3 Humph., 85; *Singleton* v. *Bell,* Cooke, 267; *Curry* v. *Munsford,* 5 Heisk., 61, 63; *Gunn* v. *Boone,* 7 Heisk., 8, 15; *Porter* v. *Webb,* 4 Yerg., 161; *Ragsdale* v. *State,* 2 Swan, 416; *Stuart* v. *McCuistion,* 1 Heisk., 427; *Cheatham* v. *Jones,* 5 Hayw., 37; *Haynes* v. *Gates,* 2 Head., 598; *Garner* v. *Carroll,* 7 Yerg., 365; *Gower* v. *Shelton,* 16 Lea, 652; *Johnson* v. *Johnson,* 6 Heisk., 240; *Anderson* v. *Binford,* 2 Baxt., 310; *Ex parte Craighead,* 12 Heisk., 640.

Such a judgment cannot be aided by extrinsic proof. *Garner* v. *Carroll,* supra; *Ragsdale* v. *State,* supra; *Anderson* v. *Binford,* supra; *Rucker* v. *Moore,* supra.

Analyzing the decree in question, it appears that the judgment was founded upon an injunction bond inferentially executed in that cause. But the nature of the matter enjoined, the conditions of the bond, and the amount thereof do not appear.

The law only provides for a summary judgment on an injunction bond in one instance, viz.: Upon the dissolution of an injunction to stay proceedings on a judgment for money. Shannon's Annotated Code, section 6264.

In such instance the judgment cannot exceed the penalty of the bond, except on proof of malice and want of probable cause. *Land & Mining Co.* v. *Tarwater,* 150 S. W., 539, 126 Tenn., 601; *Hawkins* v. *Hubbell,* 154 S. W., 1146, 127 Tenn., 315.

In all other cases a defendant can maintain an independent suit on the bond (*White* v. *Bowman,* 10 Lea, 55; *Simmons* v. *Taylor,* 18 S. W., 867, 91 Tenn., 368), or can have a reference to the master, or a jury trial, to ascertain damages. Shannon's Annotated Code, section 6259; Gibson's Suits in Chancery (new), section 862.

Unless the bond was so conditioned as to justify a summary judgment by motion, the court could not read such a condition into the bond. *Spears* v. *Sherman,* 256 S. W., 436, 148 Tenn., 430.

Since the decree in question is silent as to the nature, condition, and penalty of the bond, we hold that its failure to recite the necessary jurisdictional facts renders it void.

The chancellor took a contrary view, and, upon motion, dissolved the injunction, and dismissed the bill for want of equity upon its face. His decree will be reversed and the cause remanded for further proceedings.

As a matter of fact, the original suit was one to enjoin a money judgment, and the further point is made that the condition of the injunction bond was not such as to render the surety (complainant, Phillips) liable.

The statutes invoked, as set forth in Shannon's Annotated Code, are as follows:

Sec. 6256. "Before issuing the writ of injunction, the clerk and master shall take from the complainant, besides the usual bond for the prosecution of the suit, a

bond conditioned, according to the object of the bill, as follows:

"(1) When judgment at law has been obtained, the condition of the bond shall be to pay the amount of the judgment at law, with interest, damages, and costs, or to perform the decree of the court, in case the injunction is dissolved, and also to pay such damages as may be sustained by the wrongful suing out of the attachment (injunction)."

Sec. 6257. "The penalty of the bond shall be as follows: If the object is to enjoin a money demand after judgment, in double the judgment or sum sought to be enjoined. In all other cases in such sum as the court shall order. In the absence of any order, in the sum of five hundred dollars."

Sec. 6264. "Upon the dissolution of an injunction to stay proceedings on a judgment for money, in whole or in part, the decree, interlocutory or final, shall be entered against the complainant and his sureties for such amount as the court may order, and the clerk and master shall issue executions thereon."

It is said that the bond in question was not for double the amount of the judgment. It was for $500, and the judgment was for $264.45. The penalty of the bond was fixed by the court in his *fiat* for an injunction.

The statute was not intended to be exclusive and mandatory so as to deprive the court of his inherent right to fix the penalty of the bond as a condition precedent to issuing an injunction.

The bond was for a sum slightly less than double the amount of the judgment, and the complainant is not in

a position to raise this question. The bond involved is as follows:

"State of Tennessee, Coffee County.

"Know all men by these presents: That we, J. J. Davis, principal, and J. P. Phillips, surety, are held and firmly bound unto T. R. Holmes, sheriff, et al., in the penal sum of $500, the payment of which, well and truly to be made, we bind ourselves, our heirs, and personal representatives, jointly and severally, by these presents.

"The condition of the above obligation is such that, where as, the said J. J. Davis hath, the day of the date hereof, prayed for and obtained from the chancery court, at Manchester, in the county of Coffee, State of Tennessee, a writ of injunction, returnable to said chancery court on the third Monday of December, 1921, next.

"Now if the said J. J. Davis shall prosecute the said suit with effect, or in case of failure thereon he shall well and truly pay and satisfy all such costs and damages which the said defendants, or either of them, may recover against the said J. J. Davis in any suit or suits which may hereinafter be brought for wrongfully suing out said writ of original injunction, and shall moreover abide by and perform such orders and decrees as the court may make in this cause, and pay such costs and damages as the court may order, then the above obligation to be void; otherwise to remain in full force and effect.

"Given under our hands this 10th day of December, 1921.

"J. J. Davis, Principal
"J. P. Phillips."

Reverting to the statute, it provides that the condi-

152 Tenn.—44.

tion of the bond shall be "to pay the amount of the judgment at law" or "to perform the decree of the court."

Here the bond was conditioned to perform the judgment of the court.

Under our practice, the injunction bond is taken in lieu of the deposit of money with the master, which was the English practice. *Conway* v. *Jett,* 3 Yerg., 481, 24 Am. Dec., 590; *Black* v. *Caruthers,* 6 Humph., 87; *Chester* v. *Apperson,* 4 Heisk., 654.

The term in the statute "to abide by and perform the decree which may be made in the cause" has been construed to mean that the surety, where money is decreed, shall be liable for the amount of the decree. *Black* v. *Caruthers,* supra; *Wood* v. *McFerrin,* 2 Baxt., 493; *Hubbard* v. *Fravell,* 12 Lea, 315; *Ranning* v. *Reeves,* 2 Tenn. Ch., 267.

We are of the opinion that the bond in question conforms to the statute, and that the complainant is liable thereon for the amount of the judgment enjoined.

The defendants will pay the costs of the appeal.

The costs in the chancery court will be decreed by the chancellor upon the final hearing of the cause.