AGRICULTURAL INSURANCE COMPANY, Plaintiff-in Error,

*v.*

FRANK ROBERT HOLTER AND WIFE, JOAN C. HOLTER,
Defendants in Error.

(*Nashville,* December Term, 1956.)

Opinion filed February 8, 1957.

Rehearing Denied March 8, 1957.

Thomas G. Watkins, Nashville, for plaintiff.

Walter C. Leaver, Jr., Nashville, for defendants.

Mr. Justice Swepston delivered the opinion of the Court.

The determinative question in this case is whether or not an umpire was selected in accordance with the provisions of a fire insurance contract to be referred to hereinafter. Said provision is as follows:

"Appraisal. In the case the insured and this company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this company shall determine the amount of actual cash value and

loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally."

The record was filed in this case for a writ of error. The following appears from said record. The Agricultural Insurance Company, hereinafter called "the Company," filed a petition on May 23, 1955, in the Circuit Court of Davidson County addressed to Judge Richard P. Dews as the Judge of said Court, naming as respondents Frank Robert Holter and wife, Joan C. Holter, hereinafter called "Insured," and gave bond for costs.

It appears from said petition that Insured on May 17, 1955, suffered a fire loss and damage to their residential property in Davidson County by reason of fire and smoke, while said property was insured by the Company. Thereafter, the parties being unable to agree on the amount of damage, the Company wrote the Insured demanding that there be an appraisal of the loss in conformity with the terms of the policy, forwarding a memorandum for appraisal in duplicate in requesting that such memorandum be executed and returned to the Company. That each party named an appraiser to act for it. That the Insured failed to execute and return said memorandum agreement in duplicate.

That thereafter, without notice to the Company the Insured appeared by attorney and on oral application sought and obtained from Judge Dews an order for the appointment of an umpire, and Mr. I. H. Gibson was appointed.

That because said memorandum for appraisal had never been executed the appraisers had never met and, therefore, had no opportunity to select an umpire as provided by the policy.

It was, therefore, alleged that said appointment which had been made on May 6, 1955, being without warrant under the provisions of the policy, was void.

The prayer of said petition was that said order be set aside and the Insured be required to return the copies of the memorandum for appraisal to the Company, duly signed by the respective appraisers.

The record further shows that summons was issued on this petition and served on the Insured on June 2, 1955. The record further shows a written motion by Insured to dismiss the above-mentioned petition and that a copy of this motion was delivered to the Company's attorney. The last thing shown in the record is an order of dismissal of said petition entered on the 19th day of August, 1955, by Judge Dews.

██ The first assignment of error is briefly that the order of May 6, 1955, of Judge Dews appointing an umpire is a summary order that does not recite the necessary jurisdictional facts and is, therefore, void under *Phillips v. Landess,* 152 Tenn. 682, 280 S.W. 694, and authorities cited therein.

We are unable to take this view. This arbitration provision and the proceeding thereunder is quite clearly not in any sense a court proceeding as contemplated and provided for in T.C.A. sec. 23-501, et seq., but is simply a proceeding according to the provisions of the contract between the parties. The adjustment of losses under the

appraisal provisions of fire insurance policies are closely kin to the statutory arbitration as stated by Gilreath's History of a Lawsuit, sec. 590, nevertheless such contracts are expressly and separately recognized by T.C.A. sec. 23-519, which provides as follows:

"Common law awards.—Awards of arbitrators under agreements not reached in pursuance of this chapter, may nevertheless be valid, as contracts, impeachable for fraud or mistake; but such awards may only be enforced by independent actions."

▮ The appraisal clause provides that such umpire shall be selected by a *Judge* of a court of record, but it does not provide for selection by a court. This is a material and well-established distinction.

In 48 C.J.S., Judges, sec. 2, p. 948, it is stated:

"Judge of court of record. A judge authorized by law to hold a court which is a court of record is a judge of a court of record."

In 21 C.J.S., Courts, sec. 1, p. 16, it is said:

" 'Judge' and 'court' as convertible terms. The words 'judge' and 'court' are frequently used as convertible terms, but they are not strictly synonymous, and a judge alone does not necessarily constitute a court, and has been described as merely an officer or member of the court, for, while the judge is an indispensible part, he is only a part of the court."

It will be noted also that the contract provides that "on request" of either party, such umpire shall be selected by a Judge of a court of record.

Therefore, it seems apparent that it was not necessary for this request to be made of the Judge in the form of

a motion, nor that it be made in open Court, for under this language the request could have been made and acted upon by a Judge of a Court of record while he was on vacation and while Court was not in session. The fact that the attorney chose to make the request in the form of oral motion and to have an order go down on the minutes of the Court was nothing more than a method of preserving the evidence of the appointment.

Part of the complaint of assignment No. 1 is that said appointment was made without notice to the company and assignment No. 2 repeats that it was an ex parte proceeding without the knowledge of the company and without an opportunity to be heard and especially without the appraisers selected by the respective parties having had an opportunity to select an umpire.

It will be observed that the provision contains no requirement of notice to the opposite party of an intention to request the Judge of a court of record to appoint an umpire. There is no reason for such notice because in our opinion the fundamental reason for this provision, that is having a Judge of a court of record select an umpire, where the two appraisers have failed to agree on one, is to secure the services of an official who both by oath and by habit is accustomed to, and in all probability will, act impartially in the selection of an umpire. This method obviates as nearly as humanly possible any striving for advantage by either the Company or the Insured. Also, we have enough faith in the quality and fairness of the judiciary of this State to believe firmly, if in making such a selection a Judge should unwittingly select an umpire who was materially unfitted for any reason, upon his attention being called to same by either party or even by any outsider, he would readily rectify his error.

■ Under this assignment it is further contended by the Company that the two appraisers selected by the parties had no opportunity to meet for the purpose of selecting an umpire. The only case wherein this specific question has been dealt with, as far as this Court has been able to find, is *Kavli v. Eagle Star Ins. Co.*, 206 Minn. 360, 288 N.W. 723. While this case was a proceeding under the statute, yet the Court cites a prior Minnesota case of *Powers Dry Goods Co. v. Imperial Fire Ins. Co.*, 48 Minn. 380, 51 N.W. 123, 124, which was decided before the enactment of the statute. The opinion in the Kavli case states [206 Minn. 360, 22 N.W. 725]:

"It makes no difference why they cannot assent, whether it be refusal or absenting oneself or what not. Nor need there be meeting and deliberating of the appraisers to establish inability to agree. Such inability may be due just as much, if not more so, to conduct which prevents communication and the processes by which a concurrence might be reached."

It will also be noted in the Kavli case that the statute requires that the application to the Judge be made on a written notice of motion, but there is no such requirement in the policy involved in this case.

Attention is also called to the statement in the Powers Dry Goods case on page 125 of 51 N.W., where it is stated that the agreement contemplated that two arbitrators alone without the interference of the interested parties would select an umpire. The same thing would certainly be true in our case, that is, that the Judge of a court of record would make the selection without interference by either party.

Assignments No. 2 and No. 3, which latter is repititous, are, therefore, overruled.

The fourth and last assignment complains (1) the Court erred in dismissing the Company's petition of May 23, 1955, without notice, and (2) in refusing to grant an appeal.

██ The record shows the Company did have notice of the motion of Insured to dismiss its petition, although there is in the briefs a debate as to whether the Company was misled as to when this motion would be disposed of. The question becomes immaterial, however, because (1) as we have held, *supra,* the Company was not entitled to notice of the request by Insured for the appointment of an umpire (neither party being entitled to such notice of the other's request), and (2) the said petition does not allege that it was prejudiced in any manner by said appointment. While we think the Company was entitled to appeal from the order dismissing its petition, yet it has obtained the same review by writ of error and no prejudice appears to have resulted.

We accordingly dismiss the writ at costs of the Company.