IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. TIMOTHY LAQUAN DAVIS, JR.
and BRAZE ROLAND RUCKER**

**Criminal Court for Putnam County
No. 2024-CR-522**

_____

**No. M2025-01296-CCA-R10-CD**
_____

**ORDER**

On August 27, 2025, Defendant Timothy Laquan Davis, Jr. filed an application seeking an extraordinary appeal of the trial court's order, filed on July 24, 2025, denying his motion to strike the State's notice to seek enhanced punishment in this case pursuant to Tenn. Code Ann. § 39-13-202(d). Tenn. R. App. P. 10. Pursuant to prior order, the State filed its response on September 8, 2025. In the meantime, on September 2, 2025, Defendant Braze Roland Rucker filed an almost identical application for permission to appeal. Given the fact Mr. Davis and Mr. Rucker are co-defendants, and considering the identical issue being raised, the court hereby consolidates the two applications for purposes of its review. Tenn. R. App. P. 16(b). Upon full consideration, the applications are denied for the reasons stated below.

An extraordinary appeal may be granted from an interlocutory order of a trial court if this Court determines the trial court "has so far departed from the accepted and usual course of judicial proceedings as to require immediate review" or "if necessary for complete determination of the action on appeal." Tenn. R. App. P. 10(a). A party must obtain permission from this Court for an extraordinary appeal; it is not a matter of right. *Id.* To that end, an application for permission to appeal must contain a statement of the question(s) presented for review, a statement of the facts, a statement of the reason(s) supporting an extraordinary appeal, and the relief sought. Tenn. R. App. P. 10(c). Furthermore, the application must contain a copy of the trial court order from which an appeal is being sought, as well as copies of other parts of the record necessary for determination of the application, such as the transcript of any hearing held on the motion at issue. *Id.* Because, generally, there is no record on appeal when a party seeks an extraordinary appeal, it is the party's responsibility to provide this Court with an *ad hoc*

record of the proceeding below. The Defendants' applications are adequate for this Court's review.

## Background

The Defendants are charged with, among other offenses, attempted premeditated first degree murder of a law enforcement officer. Tenn. Code Ann. §§ 39-12-101 and 39-13-202(a)(1). The State filed notice of its intent to seek a sentence of life without the possibility of parole if the Defendants are convicted as charged in the indictment. § 39-13-202(d). Thereafter, the Defendants filed motions to strike the State's notice of enhanced punishment. Therein, they argued Section 39-13-202(d) "permits a trial court to impose a penalty exceeding the prescribed statutory maximum based on facts that are not submitted to a jury and proved beyond a reasonable doubt. It is clear, straightforward, and indisputable that [code section] is unconstitutional." They cited *Apprendi v. New Jersey* in support of their argument. 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.

Section 39-13-202(d) provides:

> Notwithstanding § 39-12-107, a person convicted of attempted first degree murder may be sentenced to imprisonment for life without possibility of parole *if the court finds* the person committed the offense against any law enforcement officer, correctional officer, department of correction employee, probation and parole officer, emergency medical or rescue worker, emergency medical technician, paramedic, or firefighter, who was engaged in the performance of official duties, and the person knew or reasonably should have known that the victim was a law enforcement officer, correctional officer, department of correction employee, probation and parole officer, emergency medical or rescue worker, emergency medical technician, paramedic, or firefighter engaged in the performance of official duties.

(Emphasis added). According to the Defendants' argument, because that section permits "the court" to make the requisite findings of fact before imposing the enhanced sentence, the statute infringes on the province of the jury, which *Apprendi* prohibits. They also argued that section violates the *Apprendi* holding because it does not require proof beyond a reasonable doubt of the additional facts that would enhance the sentence, *i.e.*, that a defendant "committed the offense against any law enforcement officer," that the law enforcement officer "was engaged in the performance of official duties," and that a

defendant "knew or reasonably should have known that the victim was a law enforcement officer … engaged in the performance of official duties." Finally, they argued "the indictment did not allege that Defendants either knew or reasonably should have known that [the victim] was a law enforcement officer engaged in his official duties." The State filed a response in opposition to the Defendants' motions in the trial court.

Following a hearing, the trial court issued a written order denying the motions to strike. That order states, in relevant part, the following:

(1) The Supreme Court of Tennessee has previously held that when interpretating state statutes, trial courts should adopt a construction that would sustain a statute and avoid constitutional conflict if any reasonable construction exists. [FN: *Davis-Kidd Booksellers, Inc. v. McWherter*, 866 S.W.2d 520 (Tenn. 1993)].

(2) Based upon Tennessee applicable case law, the term "Court" as used in T.C.A. §39-13-202(d) infers both the Judge or Jury. Said term has been defined in the past as including the entire apparatus of the justice system. [FN: *Agricultural Ins. Co. v. Holter*, 299 S.W.2d 15 (Tenn 1957)]. If the legislative intent was to limit the application of enhanced punishment solely to the Judge, the term "Trial Judge" would have been used instead.

(3) This Court finds the enhancement prong of said statute analogous to Tennessee's enhanced DUI punishment scheme found in T.C.A. §55-10-402. The DUI enhancement Statute is void of any language concerning whether any enhancement factors must be proven to a jury beyond a reasonable doubt. The application of the DUI enhancement statute is not excluded from an *Apprendi v. New Jersey* review based upon the "prior conviction" exclusion language in said opinion. *Apprendi* would require a jury to decide the DUI enhancement beyond a reasonable doubt. Under *Apprendi*, what is required to be proven to a jury is the existence of multiple convictions, not the issue of guilt or innocent of the actual individual conviction(s). [FN omitted]. Despite the absence of any statutory framework for DUI enhancement trial procedure, Tennessee courts across the state have interpreted T.C.A. §55-10-402 as requiring a bifurcated trial where the state must prove to a jury beyond a reasonable doubt the existences of multiple convictions to establish the statutory prescribed punishment category.

(4) This Court finds that under T.C.A. §39-13-202(d), the State will have to prove the existence of facts to allow application of the enhancement in punishment to a jury beyond a reasonable doubt in line with the *Apprendi*

3

decision. The Jury will also be required to determine if the accused will be punished by said enhancement.

(5) At this time the Court [] does not address the exact trial procedure to be used, said procedure will be determined at a future hearing on this issue.

The trial court summarily denied the Defendants' request to pursue an interlocutory appeal pursuant to Rule of Appellate Procedure 9.

## Rule of Appellate Procedure 10

A Rule 10 extraordinary appeal may be granted if a trial court has "so far departed from the accepted and usual course of judicial proceedings as to require immediate review," or "if necessary for complete determination of the action on appeal." Tenn. R. App. P. 10(a). To that end, and as described in the Advisory Commission Comment to Rule 10, "[t]he circumstances in which review is available . . . are very narrowly circumscribed to those situations in which the trial court . . . has acted in an arbitrary fashion, or as may be necessary to permit complete appellate review on a later appeal."

As the Tennessee Supreme Court has explained:

An appellate court should grant a Rule 10 extraordinary appeal only when the challenged ruling represents a fundamental illegality, fails to proceed according to the essential requirements of the law, is tantamount to the denial of a party's day in court, is without legal authority, is a plain or palpable abuse of discretion, or results in either party losing a right to interest that may never be recaptured.

*Gilbert v. Wessels*, 458 S.W.3d 895, 898 (Tenn. 2014) (citing *State v. McKim*, 215 S.W.3d 781, 791 (Tenn. 2007); *State v. Willoughby*, 594 S.W.2d 388, 392 (Tenn. 1980)). Appeals pursuant to Rule 10 "are reserved only for *extraordinary* departures from the accepted and usual course of judicial proceedings." *Id.* (emphasis in original).

## Discussion

The Defendants argue to this Court that immediate interlocutory appellate review is necessary in this instance because requiring them to prepare for an attempted first degree murder trial "with no idea what 'exact trial procedure [will] be used'" is such a departure from the accepted and usual course of judicial proceedings. To that end, they contend the trial court erred by denying to hold Section 39-13-202(d) unconstitutional under *Apprendi*. Furthermore, they argue any potential bifurcated trial, as suggested by the trial court as a

possibility, would violate their constitutional right to have every fact tried by the jury at the same time.

In response, the State argues the trial court properly interpreted the language in Section 39-13-202(d), to wit "if the court finds," to mean either the judge or a jury, thereby avoiding a conflict with *Apprendi*. And because the trial court stated the State will have to prove to a jury the existence of the factors in Section 39-13-202(d) beyond a reasonable doubt, the State argues *Apprendi* has otherwise been satisfied in this instance. As noted above, the trial court has yet to "address the exact trial procedure to be used." Thus, the State assets the trial court cannot be said to have so far departed from the accepted and usual course of judicial proceedings to require immediate review at this time. At any rate, the State notes that bifurcated proceedings in criminal cases are common in Tennessee. Finally, the State refutes any suggestion by the Defendants that the indictment is invalid because it does not recite all the language of Section 39-13-202(d).

Based upon the information provided in the applications at hand, this Court agrees with the State's assessment that the trial court has not so far departed from the accepted and usual course of judicial proceedings as to warrant immediate appellate review. *See, e.g., Perry v. Tenn. Dep't of Corr.*, No. M2022-00108-COA-R3-CV, 2022 WL 17420477 at *5 (Tenn. Ct. App. Dec. 6, 2022) ("Tennessee caselaw has previously held that the term 'court' in criminal statutes may reasonably be interpreted as including both the judge and the jury"); Tenn. Code Ann. § 39-13-207 (bifurcated sentencing procedure when State seeks life without parole in first degree murder cases); *See State v. Reid*, 164 S.W.3d 286, 311-12 (Tenn. 2005) (sentencing factors not required to be pled in indictment). The trial court's order denying the motions to strike, entered following a hearing on the matter, reflects it considered relevant authority before rendering its decision. The Defendants have failed to demonstrate how that court's actions can be considered "arbitrary."

To the contrary, based upon a review of the information at hand, the trial court did not act arbitrarily but, instead, followed the accepted and usual course of judicial proceedings prior to issuing its ruling. The Defendants merely disagree with that ruling. But even an alleged erroneous legal ruling, in and of itself, does not warrant the granting of an extraordinary appeal. We do not reach the issue of whether the trial court's ruling was proper, however. Rather, we conclude the trial court's order denying the motions to strike does not rise to the level contemplated by the high standards of a Rule 10 extraordinary appeal. In other words, the trial court's actions in this instance cannot be considered arbitrary, fundamentally illegal or a plain and palpable abuse of discretion. Moreover, as the State comments, the trial court, although having denied the motions to strike, specifically stated "the exact trial procedure to be used . . . will be determined at a future hearing on this issue." Thus, this Court cannot possibly, at this time, review the trial

court's actions in that respect. *See State v. Gilley*, 173 S.W.3d 1, 6 (Tenn. 2005) (advisory opinions disfavored in interlocutory appeals).

## Conclusion

For these reasons, the Defendants have simply failed to carry their burden in this instance. The trial court did not so far depart from the accepted and usual course of judicial proceedings as to require immediate appellate review. Accordingly, the Defendants' applications for an extraordinary appeal pursuant to Rule 10 are hereby denied. The Defendants will not lose the opportunity to seek review of the issue in a subsequent appeal as of right following the entry of final judgment, should one be sought. *See* Tenn. R. App. P. 3(b). Because it appears the Defendants are indigent, costs are taxed to the State.

The previously imposed stay of the proceedings in the trial court is hereby lifted. The Clerk shall forward a copy of this order to the trial court clerk via electronic mail.

Wedemeyer, P.J., Holloway, J., Easter, J.