# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE EX REL KARL F. DEAN v. JOHN AARON NELSON, ET AL.

### Appeal from the Criminal Court for Davidson County
### No. 3564      Steve R. Dozier, Judge

### No. M2004-02509-COA-R10-CV - Filed November 18, 2004

This extraordinary appeal involves the efforts of the Metropolitan Government of Nashville and Davidson County to close an adult business where acts of prostitution and lewdness were allegedly occurring. At the City's request, the Criminal Court for Davidson County issued an ex parte temporary restraining order immediately padlocking the business. Following a hearing one week later, the trial court entered a second order stating that the temporary restraining order would "remain binding and in effect pending a trial." The owner of the adult business filed a Tenn. R. App. P. 10 application with this court. We have concluded that the trial court departed from the accepted and usual course of judicial proceedings in two respects. First, the court violated Tenn. Code Ann. § 29-3-106(a) (2000) by issuing the temporary restraining order without five days written notice. Second, the trial court violated Tenn. R. Civ. P. 65.03(5) by allowing the temporary restraining order to remain in effect pending the trial. Accordingly, we grant the owner's Tenn. R. App. P. 10 application and vacate the order padlocking the premises.[1]

### Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Criminal Court Vacated

WILLIAM C. KOCH, JR., P.J., M.S., WILLIAM B. CAIN, and FRANK G. CLEMENT, JR., JJ., delivered the opinion of the court.

John E. Herbison, Nashville, Tennessee, for John Aaron Nelson and 1231 Corporation.

Karl F. Dean and J. Douglas Sloan, III, Nashville, Tennessee, for the State of Tennessee.

### OPINION

### I.

John Aaron Nelson and 1231 Corporation operate an adult business called Madam X at 701 Twelfth Avenue, South in Nashville. On September 21, 2004, Karl F. Dean, the Director of Law for

---

[1]The Tenn. R. App. P. 10 application, the answer, the record, and the supplemental briefs fully set forth the parties' positions and the material facts. Therefore, pursuant to Tenn. R. App. P. 2, we suspend the application of Tenn. R. App. P. 29, and find oral argument to be unnecessary pursuant to Tenn. R. App. P. 35(c). *See Hammock v. Sumner Co.*, No. 01A01-9710-CV-00600, 1997 WL 749461 (Tenn. Ct. App. Dec. 5, 1997) (No Tenn. R. App. P. 11 application filed).

the Metropolitan Government of Nashville and Davidson County, filed a petition in the Criminal Court for Davidson County to abate Madam X as a public nuisance under Tenn. Code Ann. §§ 29-3-101, -115 (2000 & Supp. 2004). The petition and supporting affidavits asserted that Mr. Nelson and 1231 Corporation were permitting acts of prostitution and other lewd acts to occur on their business premises. At the City's request, the trial court considered the petition ex parte and issued a temporary restraining order directing the authorities to padlock the premises immediately pending a hearing on September 28, 2004.

On September 27, 2004, Mr. Nelson and 1231 Corporation moved to dissolve the ex parte restraining order or, in the alternative, to modify the order to exempt the retail sales area of the premises where books, magazines, and other items were sold. The trial court considered their motion during the September 28, 2004 hearing, and on October 4, 2004, entered an order directing that its September 21, 2004 temporary restraining order "remain binding and in effect pending a trial in this matter." Mr. Nelson and 1231 Corporation subsequently filed this Tenn. R. App. P. 10 application for an extraordinary appeal.

On October 26, 2004, we ordered the City to file an answer to the application pursuant to Tenn. R. App. P. 10(d) and directed the criminal court clerk to prepare and file a record. Following the receipt of the record and answer, we directed both parties to file supplemental briefs addressing the following issues:

> (1) Whether the trial court erred by granting the Metropolitan Government an ex parte temporary restraining order on September 21, 2004, immediately padlocking the premises at 701 Twelfth Avenue, South, when Tenn. Code Ann. § 29-3-106(a) (2000) and Tenn. R. Civ. P. 65.07 required the Metropolitan Government to give Mr. Nelson and 1231 Corporation five days written notice of its application.

> (2) Whether Mr. Nelson and the 1231 Corporation have currently sustained a legally cognizable injury from the entry of the September 21, 2004 order when the trial court, following notice and a hearing, issued a second order on October 4, 2004, maintaining the earlier order in effect.

The supplemental briefs were filed on November 5 and November 8, 2004.[2]

## II.

Proceedings to abate a nuisance are governed by Tenn. Code Ann. §§ 29-3-101 to -115. When a petition to abate a nuisance has been filed, Tenn. Code Ann. § 29-3-105(a) permits the court

---

[2]Mr. Nelson's and 1231 Corporation's motion for leave to file their supplemental brief one day late is hereby granted.

to "award a temporary writ of injunction, enjoining and restraining the further continuance of such nuisance, and the closing of the building or place wherein the same is conducted until the further order of the court, judge, or chancellor." However, Tenn. Code Ann. § 29-3-106(a) requires that "five (5) days' notice in writing shall be given the defendant of the hearing of the application [for the temporary writ of injunction]." The City acknowledges the requirements of Tenn. Code Ann. § 29-3-106(a) but contends that the statute is inapplicable in this case because the September 21, 2004 order was a temporary restraining order, not a temporary injunction. The City insists that Tenn. R. Civ. P. 65.03 expressly permits the issuance of ex parte temporary restraining orders without notice to the defendants.[3]

We agree that the court's September 21, 2004 order is properly characterized as a temporary restraining order rather than as a temporary injunction. We do not, however, agree that temporary restraining orders issued in actions to abate a public nuisance are not subject to the notice requirement in Tenn. Code Ann. § 29-3-106(a). Both Tenn. Code Ann. § 29-3-105(a) and Tenn. Code Ann. § 29-3-106(a) were enacted prior to the promulgation of the Tennessee Rules of Civil Procedure. Thus, their references to a "temporary writ of injunction" were not intended to draw the technical distinction between temporary restraining orders and temporary injunctions drawn in today's rules.

The clear intent of Tenn. Code Ann. § 29-3-106(a) is to require notice to a defendant before an order may be entered "enjoining and restraining" a nuisance or effecting "the closing of the building or place wherein the same is conducted." The subsequent adoption of Tenn. R. Civ. P. 65 did not alter this notice requirement. Tenn. R. Civ. P. 65.07 specifically provides that "[t]he provisions of this Rule shall be subject to any contrary statutory provisions governing restraining orders or injunctions." The City's interpretation would make the five-day notice requirement functionally meaningless, while the clear intent of Tenn. R. Civ. P. 65.07 was to preserve such statutory provisions. Accordingly, we hold that the right to obtain a temporary restraining order abating a nuisance pursuant to Tenn. R. Civ. P. 65 is subject to the five-day notice requirement of Tenn. Code Ann. § 29-3-106(a).

We are likewise unpersuaded by the City's argument that the five-day notice requirement leaves it powerless to stop illegal activities for at least five days. If illegal activities are occurring on the premises, the City may immediately arrest the individuals involved. The City remains free to enforce the criminal laws. It simply may not padlock the business as a nuisance without giving prior written notice. We also note that, despite the urgency expressed in the City's petition and its filings before this court, it appears from the affidavits in support of the petition that the City knew of the alleged illegal acts for several weeks or even months before it filed its petition.

---

[3]Tenn. R. Civ. P. 65.03(1) provides: "A restraining order may be granted at the commencement of the action or during the pendency thereof without notice, if it is clearly shown by verified complaint or affidavit that the applicant's rights are being or will be violated by the adverse party and the applicant will suffer immediate and irreparable injury, loss or damage before notice can be served and a hearing had thereon."

Mr. Nelson and the 1231 Corporation sustained a legally cognizable injury as a result of the entry of the September 21, 2004 order, notwithstanding the trial court's entry of the second order on October 4, 2004, following notice and a hearing. The ex parte order deprived them of five days use of their premises. It deprived them of the opportunity to assemble proof to refute the allegations in the City's petition. Moreover, had proper notice been given, the trial court would have had an opportunity to write a more precise order defining what rights, if any, the business owners may have had to remove presumptively protected material from the premises.

### III.

The City also insists that any possible injury caused by the entry of the September 21, 2004 temporary restraining order ended when the trial court conducted a hearing and then entered an order on October 4, 2004, directing that its temporary restraining order "remain binding and in effect pending a trial in this matter." This argument overlooks the fact that the trial court's October 4, 2004 order does not comply with Tenn. R. Civ. P. 65.03(5).

The transcript of the September 28, 2004 hearing reflects that its chief purpose was to permit the business owner to present his motion either to dissolve or to modify the September 21, 2004 temporary restraining order. At no time during the hearing did the City request the trial court to grant it a temporary injunction closing the business pending the trial. Accordingly, rather than issuing a temporary injunction in accordance with Tenn. R. Civ. P. 65.04, the trial court's October 4, 2004 order simply directed that the September 21, 2004 temporary restraining order "remain binding and in effect pending a trial in this matter."

Tenn. R. Civ. P. 65.03(5) provides that a temporary restraining order issued without notice expires within fifteen days after its issuance unless the trial court extends it during that period. If a trial court decides to extend a temporary restraining order, it may do so for only fifteen additional days. The trial court's September 21, 2004 temporary restraining order could have remained in effect until October 21, 2004. Thus, the trial court erred by directing that it "remain binding and in effect" past that date. It follows, therefore, that the trial court's order, to the extent that it continued its temporary restraining order past October 21, 2004, is contrary to Tenn. R. Civ. P. 65.03(5) and must be vacated.[4]

---

[4] Had the October 4, 2004 order not violated Tenn. R. Civ. P. 65.03(5), we would still have determined that the later hearing and order did not render the business owner's complaints about the September 21, 2004 order moot. The courts may determine that a case remains justiciable when it involves an issue that is capable of repetition yet evades review. *Bemis Pentecostal Church v. State*, 731 S.W.2d 897, 903 (Tenn.1987); *National Loans, Inc. v. Tennessee Dept. of Financial Institutions*, No. 01A01-9506-CH-00241 at n.3, 1997 WL 194992 (Tenn. Ct. App. Apr. 23, 1997) (No Tenn. R. App. P. 11 application filed). It is unlikely that a business owner adversely affected by an ex parte temporary restraining order issued in violation of Tenn. Code Ann. § 29-3-106(a) could obtain appellate review of the order before the entry of a later temporary injunction issued in accordance with Tenn. R. Civ. P. 65.04.

**IV.**

The business owners' application for an extraordinary appeal is hereby granted, and the trial court's September 21, 2004 and October 4, 2004 orders are vacated without prejudice to the City's seeking a new temporary injunction after giving proper notice as required by Tenn. Code Ann. § 29-3-106(a).  The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are taxed to the Metropolitan Government of Nashville and Davidson County for which execution, if necessary, may issue.


PER CURIAM