# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
September 4, 2014 Session

## C.L. GILBERT, JR. v. IZAK FREDERICK WESSELS, M.D.

**Circuit Court for Hamilton County**
**No. 11C201; Jacqueline S. Bolton, Judge**

---

**No. E2013-00255-SC-R11-CV - Filed December 18, 2014**

---

The issue we address in this appeal is whether the Court of Appeals properly granted the defendant a Tennessee Rule of Appellate Procedure 10 extraordinary appeal. The trial court denied the defendant's motion for a waiver of the contiguous state requirement in Tennessee Code Annotated section 29-26-115(b) as to an expert witness. The Court of Appeals granted the defendant's Rule 10 appeal and held that the trial court did not abuse its discretion in declining to waive the contiguous state requirement. We hold that the Court of Appeals improvidently granted the appeal because the trial court did not so far depart from the accepted and usual course of judicial proceedings as to require immediate review and because a review was not necessary for a complete determination of the action on appeal. Tenn. R. App. P. 10(a). Accordingly, we remand this case to the Circuit Court for Hamilton County for further proceedings.

**Tenn. R. App. P. 11 Appeal by Permission; Court of Appeals Order Granting Tenn. R. App. P. 10 Extraordinary Appeal Vacated; Case Remanded to the Circuit Court**

SHARON G. LEE, C.J., delivered the opinion of the Court, in which CORNELIA A. CLARK, GARY R. WADE, JEFFREY S. BIVINS, and HOLLY M. KIRBY, JJ., joined.

Alix C. Michel and David J. Ward, Chattanooga, Tennessee, for the appellant, Dr. Izak Frederick Wessels.

Marvin Bernard Berke and Jeremy Matthew Cothern, Chattanooga, Tennessee, for the appellee, C.L. Gilbert, Jr.

**OPINION**

**I.**

On January 22, 2010, Dr. Izak Frederick Wessels, a Hamilton County ophthalmologist, performed YAG laser surgery[1] on C.L. Gilbert, Jr.'s right eye. On February 1, 2011, Mr. Gilbert filed a health care liability action against Dr. Wessels. The trial court set the case for trial on July 10, 2012, and subsequently reset the trial date to October 3, 2012.

Less than a month before trial, on September 6, 2012, Dr. Wessels filed a motion seeking a waiver of Tennessee Code Annotated section 29-26-115(b)'s contiguous state requirement, which would allow Dr. Scott Geller, an ophthalmologist from Florida, to testify.[2] Dr. Wessels argued that it was necessary for an ophthalmologist who had performed YAG laser surgery to testify as to the appropriate standard of care and that Dr. Geller was one of three doctors in the country with the most experience in performing this type of procedure. Dr. Wessels supported his motion with three exhibits. The first exhibit was an affidavit from Dr. Wessels' attorney stating that he and his paralegal had spent approximately thirty-five hours researching and attempting to identify an appropriate YAG laser surgery expert from Tennessee or a contiguous state. The second exhibit was from a board-certified ophthalmologist in Tennessee who stated that any expert testimony should be provided by an ophthalmologist who has experience performing the procedure. The third exhibit was the deposition testimony of Mr. Gilbert's expert witness, an ophthalmologist from Georgia, who stated that Dr. Geller was one of the most experienced ophthalmologists in the United States in the use of YAG lasers to treat eye conditions like Mr. Gilbert's.

---

[1] YAG laser surgery is short for Neodymium-Yttrium Aluminum Garnett laser surgery.

[2] Tennessee Code Annotated section 29-26-115 provides in pertinent part:

> No person in a health care profession requiring licensure under the laws of this state shall be competent to testify . . . unless the person was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred. . . . The court may waive this subsection (b) when it determines that the appropriate witnesses otherwise would not be available.

Tenn. Code Ann. § 29-26-115(b) (2012).

Mr. Gilbert responded by arguing that Dr. Wessels failed to demonstrate that a qualified expert witness was otherwise unavailable, that he did not conduct a diligent search for an expert from Tennessee or a contiguous state, and that he failed to establish the need for an expert who had performed the YAG laser surgery. Mr. Gilbert contended that there were ophthalmologists in Tennessee and its contiguous states who could testify as to the appropriate standard of care.

On October 30, 2012, after hearing oral argument, the trial court issued an order declining to waive the section 29-26-115(b) contiguous state requirement for a testifying expert witness, finding that Dr. Wessels had not established that appropriate witnesses would otherwise be unavailable. The trial court denied Dr. Wessels' application for an interlocutory appeal. *See* Tenn. R. App. P. 9.

The Court of Appeals granted Dr. Wessels' application for a Rule 10 extraordinary appeal and held that the trial court did not abuse its discretion in declining to waive the contiguous state requirement, noting that there were more than 2,300 ophthalmologists in Tennessee and its contiguous states and that Dr. Wessels made "only a cursory effort to find an appropriate expert from Tennessee or a contiguous border state." *Gilbert v. Wessels*, No. E2013-00255-COA-R10-CV, 2013 WL 6063329, at *5-6 (Tenn. Ct. App. Nov. 18, 2013) (quoting *Rose v. H.C.A. Health Servs. of Tenn., Inc.*, 947 S.W.2d 144, 148 (Tenn. Ct. App. 1996)). We granted Dr. Wessels' Rule 11 application for permission to appeal.

**II.**

Although not raised directly by the parties, the issue we address is whether the Court of Appeals properly granted Dr. Wessels' application for extraordinary appeal under Tennessee Rule of Appellate Procedure 10.

This appeal originated under Rule 10, but is before us as an appeal by permission under Tennessee Rule of Appellate Procedure 11. *See* Tenn. R. App. P. 10 advisory commission cmt. ("When the intermediate court grants an extraordinary appeal under Rule 10, an appeal of the final decision of the intermediate court to the Supreme Court is governed by Rule 11."). Tennessee Rule of Appellate Procedure 10(a) provides that "[a]n extraordinary appeal may be sought on application and in the discretion of the appellate court alone of interlocutory orders of a lower court from which an appeal lies to the Supreme Court, Court of Appeals[,] or Court of Criminal Appeals . . . ." Extraordinary appeals are only appropriate "(1) if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review, or (2) if necessary for complete determination of the action on appeal as otherwise provided in [the Rules of Appellate Procedure]." Tenn. R. App. P. 10(a). The Advisory Commission Comment to

Rule 10 further explains, "The circumstances in which review is available . . . are very narrowly circumscribed to those situations in which the trial court or the intermediate appellate court has acted in an arbitrary fashion, or as may be necessary to permit complete appellate review on a later appeal."

An appellate court should grant a Rule 10 extraordinary appeal only when the challenged ruling represents a fundamental illegality, fails to proceed according to the essential requirements of the law, is tantamount to the denial of a party's day in court, is without legal authority, is a plain and palpable abuse of discretion, or results in either party losing a right or interest that may never be recaptured. *State v. McKim*, 215 S.W.3d 781, 791 (Tenn. 2007) (citing *State v. Willoughby*, 594 S.W.2d 388, 392 (Tenn. 1980)). A Rule 9 interlocutory appeal, in contrast, may be granted under less egregious circumstances. A Rule 9 appeal may be appropriate when there is a need "to prevent irreparable injury," "to prevent needless, expensive, and protracted litigation," and "to develop a uniform body of law." *See* Tenn. R. App. P. 9(a).

Unlike Rule 9 appeals, Rule 10 appeals are reserved only for *extraordinary* departures from the accepted and usual course of judicial proceedings. *See, e.g.*, *Jones v. Vasu*, 326 S.W.3d 577, 578 (Tenn. Ct. App. 2010) (granting extraordinary appeal in a health care liability suit where the trial court denied the defendant's motion to dismiss despite the plaintiff's intentional delay in service of process which had rendered the filing of the complaint statutorily ineffective); *Joiner v. Joiner*, No. E2005-01619-COA-R10-CV, 2005 WL 2805566, at *8 (Tenn. Ct. App. Oct. 27, 2005) (granting extraordinary appeal where a trial judge disqualified an attorney from representing a litigant simply because the attorney had announced his candidacy for the judge's position); *Pykosh v. Earps*, No. M2004-01507-COA-R10-CV, 2004 WL 1839489, at *1 (Tenn. Ct. App. Aug. 17, 2004) (granting extraordinary appeal where the trial court denied a defendant's motion for a physical examination of the plaintiff, though the plaintiff had been granted the opportunity to have his own doctor testify); *State ex rel. Dean v. Nelson*, 169 S.W.3d 648, 649 (Tenn. Ct. App. 2004) (granting extraordinary appeal in an action to close an adult business where the court issued a temporary restraining order without five days written notice and then allowed the restraining order to remain in effect pending the trial); *Korthoff v. Korthoff*, No. W2001-01712-COA-R10-CV, 2001 WL 34151700, at *2 (Tenn. Ct. App. Sept. 24, 2001) (granting extraordinary appeal where the trial court, absent authority, ordered "a partial distribution of marital property prior to a final adjudication").

It is important for appellate courts to exercise restraint in granting Rule 10 appeals. Under our Rules, the appellate courts have no authority to unilaterally interrupt a trial court's orderly disposition of a case unless the alleged error rises to the level contemplated by the high standards of Rule 10. We note that parties who are unsuccessful

in obtaining the trial court's permission for a Rule 9 appeal sometimes respond by petitioning the appellate court for permission to appeal under Rule 10. However, unless the trial court's alleged error qualifies for immediate review under the specific criteria indicated by Rule 10, the appellate court must respect the trial court's discretionary decision not to grant permission to appeal under Rule 9 and refrain from granting a Rule 10 appeal. Those alleged errors not rising to the level required by Rule 10 can be reviewed in the normal course of an appeal after a final judgment has been entered.

In this case, there was no extraordinary departure from the accepted and usual course of judicial proceedings; the trial court adhered to established legal standards. Trial courts have discretionary authority to determine whether the contiguous state limitation should be waived. *See Sutphin v. Platt*, 720 S.W.2d 455, 458 (Tenn. 1986) (noting that Tennessee Code Annotated section 29-26-115(b) vests the trial judge with the authority to waive the contiguous state limitation).[3] Moreover, "questions regarding the admissibility, qualifications, relevancy[,] and competency of expert testimony are left to the discretion of the trial court." *McDaniel v. CSX Transp., Inc.*, 955 S.W.2d 257, 263 (Tenn. 1997) (citing *State v. Ballard*, 855 S.W.2d 557, 562 (Tenn. 1993)). Discretionary evidentiary rulings, regardless of their merit, rarely constitute the types of extraordinary departures from the usual and accepted course of judicial proceedings that Rule 10 contemplates.

The record in this case establishes that the trial court considered the proper statute, the relevant facts, and the arguments advanced by the parties. As such, the trial court did not so far depart from the accepted and usual course of judicial proceedings as to require immediate review, nor was an extraordinary review necessary for a complete determination of the action on appeal. If the trial court did err, Dr. Wessels may raise the issue in an appeal as of right after a final judgment is entered.

---

[3] Tennessee appellate courts have upheld many trial court decisions affirming and denying application of the section 29-26-115(b) waiver provision. *See, e.g.*, *McDonald v. Shea,* W2010-02317-COA-R3-CV, 2012 WL 504510, at *9 (Tenn. Ct. App. Feb. 16, 2012) (affirming trial court's granting of waiver); *Ward v. Glover*, 206 S.W.3d 17, 21-22 (Tenn. Ct. App. 2006) (affirming trial court's denial of waiver); *Rose*, 947 S.W.2d at 148 (finding no abuse of discretion in trial court's decision to deny waiver); *Pyle v. Morrison*, 716 S.W.2d 930, 933 (Tenn. Ct. App. 1986) (affirming trial court's granting of waiver); *cf. Childress v. Bennett*, 816 S.W.2d 314, 316 (Tenn. 1991) (holding that the trial court abused its discretion in ruling that the expert witness could not testify, where the witness was licensed to practice in Tennessee but was doing a residency in Florida during the year preceding the date of the injury).

We hold that the Court of Appeals improvidently granted Dr. Wessels' application for extraordinary appeal. The Court of Appeals decision is hereby vacated, and the case is remanded to the trial court for further proceedings. The costs of this appeal are taxed to Izak Frederick Wessels, M.D. and his surety, for which execution may issue if necessary.

_____
SHARON G. LEE, CHIEF JUSTICE