IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## M. LATROY ALEXANDRIA-WILLIAMS v. MARK GOINS ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-18-0571     Walter L. Evans, Chancellor**

_____

**No. W2018-01024-COA-R10-CV**

_____

This is an extraordinary appeal, filed pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure, seeking review of an injunction entered with respect to the August 2, 2018 Democratic primary ballot for Tennessee's Ninth Congressional District election. For the reasons stated herein, we conclude that an extraordinary appeal should be granted and that the trial court's injunction should be vacated.[1]

**Tenn. R. App. P. 10 Extraordinary Appeal;**
**Judgment of the of the Chancery Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which BRANDON O. GIBSON and KENNY ARMSTRONG, JJ., joined.

J. Gerard Stranch IV, Benjamin Gastel, and Seamus T. Kelly, Nashville, Tennessee, for the appellant, Mary Mancini.

J. B. Smiley, Jr., Memphis, Tennessee, for the appellee, M. La-Troy Alexandria-Williams.

Herbert H. Slatery, III, Attorney General and Reporter; and Janet M. Kleinfelter, Deputy Attorney General, for the appellee, Mark K. Goins.

John Ryder and Pablo A. Varela, Memphis, Tennessee, for the appellees, Linda Phillips and Shelby County Election Commission.

---

[1] Because Ms. Mancini's Rule 10 application, along with the answers filed in response thereto, fully set forth the parties' positions and material facts that are necessary for our review, we suspend, pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure, application of Rules 10(d), 24, 25, and 29 of the Tennessee Rules of Appellate Procedure with respect to all further procedure in this Court. Moreover, we conclude that oral argument is unnecessary pursuant to Rule 35(c) of the Tennessee Rules of Appellate Procedure. *See State ex rel. Dean v. Nelson*, 169 S.W.3d 648, 649 n.1 (Tenn. Ct. App. 2004) (citation omitted); *see also Milton v. Harness*, No. E2017-00092-COA-R10-CV, 2017 WL 837704 (Tenn. Ct. App. Mar. 3, 2017).

# OPINION

## BACKGROUND

This appeal stems from the efforts of M. La-Troy Alexandria-Williams ("Mr. Williams") to appear as a candidate on the August 2018 Democratic primary ballot for Tennessee's Ninth Congressional District. Although he filed a nominating petition for his candidacy in February 2018, Mr. Williams learned in April 2018 that he had been disqualified as a candidate pursuant to Tennessee Code Annotated section 2-5-204. Tennessee Code Annotated section 2-5-204 provides that a candidate's name shall not be placed on the ballot when, among other things, "the executive committee with which a primary candidate filed the original petition determinates that the candidate is not qualified under § 2-13-104." In this case, Mary Mancini ("Ms. Mancini"), the chairperson for the Tennessee Democratic Party, submitted disqualification notices regarding Mr. Williams' candidacy on April 11, 2018.[2]

The present litigation soon followed when Mr. Williams filed a complaint for injunctive relief in the Shelby County Chancery Court on April 17, 2018. In his "Second Amended Complaint," which was filed on May 25, 2018, Mr. Williams prayed that his name be placed on the August Democratic ballot and that an injunction be issued barring his decertification as a candidate. Named as Defendants were Mark Goins, the State Coordinator of Elections; Ms. Mancini; the "Shelby County Election Commissioner"; and Linda Phillips, the Administrator of Elections in Shelby County.

Motions to dismiss were filed by the Defendants, and on May 31, 2018, the trial court held a hearing on the motions. However, rather than rule on the motions to dismiss, those matters, along with others, were reserved for further adjudication. Specifically, on June 5, 2018, the trial court entered an order stating in pertinent part as follows:

1. An injunction is immediately in effect in this cause requiring that Defendants Mark Goins, Linda Phillips, and the Shelby County Election Commission certify and place M. La-Troy Alexandria-Williams name on the ballot as a candidate in the Democratic Primary on August 02, 2018 for the office of U.S. House of Representatives of the 9th Congressional District of Tennessee.

2. Defendant Mancini's Oral Motion for interlocutory review is denied.

3. Plaintiff's request for declaratory relief and Defendants' Motions to Dismiss are hereby reserved.

---

[2] Pursuant to Tennessee Code Annotated section 2-13-104, "[a] party may require by rule that candidates for its nominations be bona fide members of the party."

As is evident, the trial court's order contained no findings of fact or conclusions of law related to the propriety of the injunction. The injunction was simply ordered by the court, with no supporting findings or analysis as to the foundation for its issuance.

On June 5, 2018, Ms. Mancini filed an application for an extraordinary appeal in this Court pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. Her application presented a number of issues for review and generally complained that the trial court's order was an affront to the Tennessee Democratic Party's constitutional right to associational freedom. With respect to the trial court's injunction, Ms. Mancini specifically contended that a number of procedural requirements had not been followed with regard to Rule 65 of the Tennessee Rules of Civil Procedure. Of note, Ms. Mancini argued that the trial court "simply pronounced that Williams would be put on the ballot and utterly failed to make any findings of fact or conclusions of law that would substantiate that decision."

In connection with her request for extraordinary relief, Ms. Mancini also sought a stay of the trial court's decision pursuant to Rule 7 of the Tennessee Rules of Appellate Procedure. Ms. Mancini's motion for a stay stated that military ballots would soon need to be mailed pursuant to federal law, and by suggesting that she was likely to succeed on the merits of her Rule 10 appeal, she contended that Mr. Williams' name should not be on the ballot pending further review.

On June 7, 2018, we entered an order initially responding to the Rule 10 application. In addition to staying the trial court's June 5 order pending our decision on the request for an extraordinary appeal, we directed that answers be filed to the application pursuant to Rule 10(d) of the Tennessee Rules of Appellate Procedure. Answers to Ms. Mancini's Rule 10 application were subsequently filed by Mr. Williams, Mark Goins, Linda Phillips, and the Shelby County Election Commission.

Having considered the materials submitted for our review, we are of the opinion that an extraordinary appeal is warranted and should be granted for the limited purpose of reviewing the providence of granting the injunction. As noted below, we conclude that the injunction order entered by the trial court on June 5, 2018 should be vacated.

## DISCUSSION

An extraordinary appeal pursuant to Rule 10 is, as its name suggests, extraordinary. "An appellate court should grant a Rule 10 extraordinary appeal only when the challenged ruling represents a fundamental illegality, fails to proceed according to the essential requirements of the law, is tantamount to the denial of a party's day in court, is without legal authority, is a plain and palpable abuse of discretion, or results in either party losing a right or interest that may never be recaptured." *Gilbert v. Wessels*, 458 S.W.3d 895, 898 (Tenn. 2014) (citation omitted). Here, we respectfully conclude

that the trial court's June 5, 2018 injunction was not issued in accordance with the essential requirements of the law.

The decision to grant an injunction should not be a perfunctory one. In fact, our Supreme Court noted long ago as follows: "[I]n reference to the discretion as to granting injunctions, it is said by Mr. Justice Baldwin, 'there is no power the exercise of which is more delicate, which requires greater caution, deliberation and sound discretion or is more dangerous in a doubtful case.'" *Mabry v. Ross*, 48 Tenn. 769, 774 (1870) (quoting 2 Story Eq. Jur., sec. 959). "When a trial court decides to grant an injunction, several factors are to be considered such as the danger of irreparable harm, the inadequacy of other remedies, the benefit to the plaintiff, the harm to the defendant, and the public interest." *Zion Hill Baptist Church v. Taylor*, No. M2002-03105-COA-R3-CV, 2004 WL 239760, at *5 (Tenn. Ct. App. Feb. 9, 2004) (citations omitted). Findings of fact and conclusions of law regarding such factors should be made incident to a decision on injunctive relief. This is true even when injunctive relief is awarded on a preliminary basis. With respect to this point, we note that under Rule 65.04(6) of the Tennessee Rules of Civil Procedure, a court is required to "set forth findings of fact and conclusions of law which constitute the grounds of its action as required by Rule 52.01" when granting, denying, or modifying a temporary injunction. Tenn. R. Civ. P. 65.04(6).

Although Mr. Williams contends that the trial court correctly granted the preliminary injunction at issue in this case, we disagree. As noted previously, the order entered by the trial court contains no findings of fact or conclusions of law whatsoever regarding the foundation for the issuance of the injunction. It simply mandates that "[a]n injunction is immediately in effect" so as to require that Mr. Williams' name be placed on the ballot. By granting the injunction without setting forth findings of fact and conclusions of law regarding the grounds of its action, *see id.*, the trial court did not proceed according to the essential requirements of law. We accordingly vacate the trial court's June 5, 2018 injunction.

_____
ARNOLD B. GOLDIN, JUDGE

- 4 -