IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. JULIUS GODBOLT**

**Criminal Court for Knox County
No. 127812**

_____

**No. E2025-01098-CCA-R10-CD**

_____

**ORDER**

The Defendant, through counsel, seeks an extraordinary appeal pursuant to Tennessee Rule of Appellate Procedure 10 from the trial court's order entered on July 23, 2025, denying his motion to continue the trial scheduled for July 28, 2025. The attachments to the application include, among other materials, the Defendant's motion to continue filed on July 9, 2025, and the trial court's order denying that motion.

Upon review of the application and its supporting documents, we conclude that the Defendant has not demonstrated grounds for extraordinary relief under Rule 10. Accordingly, a response from the State is not required, and the application is respectfully DENIED.

**FACTUAL BACKGROUND**

On June 26, 2024, the Defendant was charged in a fifteen-count indictment arising from his alleged involvement in a Class A felony drug conspiracy. The indictment alleged the sale and distribution of Fentanyl, marijuana, and Oxycodone.[1] Over the course of the proceedings, five different attorneys were appointed to represent the Defendant. On June 6, 2025, the trial court granted the Defendant's request to proceed pro se.

Approximately one month later, on or about July 9, 2025, the Defendant's family retained private counsel, who filed a notice of appearance that same day. Counsel also

---

[1] The June 26, 2024, indictment supersedes an indictment filed on October 27, 2023, and charges the Defendant with various drug and weapon offenses, along with five codefendants, one of whom is a juvenile.

filed a motion to continue the trial, asserting that additional time was necessary "to ensure that [the Defendant] is provided effective representation of counsel, that he has sufficient time to conduct necessary defense investigation and discovery review, that significant outstanding legal issues are litigated, and that a full and fair defense is presented at trial."

On July 21 and 22, 2025, the Defendant filed a series of additional pretrial motions, including: (1) a motion to dismiss counts three through thirteen and count fifteen of the indictment; (2) three motions to suppress evidence; (3) a second motion for a bill of particulars; (4) a motion to compel discovery; and (5) a motion to sever offenses and defendants. On July 23, 2025, the trial court denied two of the suppression motions and the renewed motion for a bill of particulars, finding that those motions had already been heard and resolved by the original trial judge. The court set a hearing for July 25, 2025, to address the remaining motions: the motion to dismiss, the motion to compel discovery, the motion to suppress evidence obtained from the Defendant's cellular telephones, and the motion to sever offenses and defendants.

As relevant to the present application, on July 23, 2025, the trial court also denied the Defendant's motion to continue the July 28, 2025 trial date. In doing so, the trial court explained:

> This Court has coordinated with the Knox County Clerk's Office to make special provisions to summon a jury panel large enough in number to try five co-defendants. This Court has made the parties aware that the July trial date would be a date certain on several occasions. In fact, the Defendant, albeit with previous counsel, Mr. Eke, confirmed the trial date in April. The Defendant thereafter demanded to proceed pro se for a period of several weeks before his family retained counsel on his behalf. This Court ensured he had the ability to file motions from custody and have legal materials at his disposal in the law library. This Court has an interest in getting these matters tried for several reasons. First and foremost, the age of the cases. Additionally, several, if not all of the co-defendants remain incarcerated and have been for considerable time. Ultimately, as stated on the record, this Court has found on several occasions that the Defendant has attempted to delay his court proceedings and guide his cases in a manner that he deems appropriate. In short, this Court will not tolerate it.

The following day, on July 24, 2025, the Defendant filed the present application for extraordinary appeal.

**ANALYSIS**

Tennessee Rule of Appellate Procedure 10 permits an extraordinary appeal from an interlocutory order "on application and in the discretion of the appellate court alone." Tenn. R. App. P. 10(a). The rule authorizes such review only in two circumstances: (1) when "the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review," or (2) when review is "necessary for complete determination of the action on appeal as otherwise provided in these rules." *Id.* The application must be accompanied by "copies of any order or opinion relevant to the questions presented in the application and any other parts of the record necessary for determination of the application." Tenn. R. App. P. 10(c). It may also be supported by affidavits or other relevant documents. *Id.*

Our supreme court has made clear that Rule 10 relief is reserved for the most exceptional cases. As the court has explained previously,

> An appellate court should grant a Rule 10 extraordinary appeal only when the challenged ruling represents a fundamental illegality, fails to proceed according to the essential requirements of the law, is tantamount to the denial of a party's day in court, is without legal authority, is a plain and palpable abuse of discretion, or results in either party losing a right or interest that may never be recaptured.

> . . . .

> Unlike Rule 9 appeals, Rule 10 appeals are reserved only for *extraordinary* departures from the accepted and usual course of judicial proceedings.

*Gilbert v. Wessels*, 458 S.W.3d 895, 898 (Tenn. 2014) (citations omitted) (emphasis in original). This high threshold reflects the extraordinary nature of the remedy and the need to preserve the orderly progression of trial proceedings in the absence of truly exceptional circumstances.

"Decisions regarding a request for a continuance are discretionary ones." *State v. Hester*, 324 S.W.3d 1, 35 (Tenn. 2010) (citations omitted). In exercising that discretion, a trial court must "balance the potential harm to the defendant caused by a delay against the potential harm to the State caused by no delay." *State v. Hurn*, No. E2022-01192-CCA-

- 3 -

R3-CD, 2023 WL 7001621, at *5-6 (Tenn. Crim. App. Oct. 24, 2023), *perm. app. denied* (Tenn. Apr. 11, 2024). This balancing must occur within the broader context of the court's responsibility to manage its docket and to administer the criminal justice system effectively. *See Wyatt v. State*, No. M2019-00250-CCA-R3-PC, 2020 WL 1674014, at *7 (Tenn. Crim. App. Apr. 6, 2020), *no perm. app. filed*.

To that end, Tennessee courts have recognized several factors, among others, that a trial court may consider in ruling on a motion for continuance. These include: the length of the requested delay; the overall age of the case; whether prior continuances have been requested or granted; and the convenience or inconvenience to the litigants, witnesses, attorneys, and the court. *See Hurn*, 2023 WL 7001621, at *5. In addition, the United States Supreme Court has affirmed that a trial court retains discretion to "balance[e] the right to counsel of choice against the needs of fairness and against the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006). In appropriate cases, this discretion exists even when the court's scheduling decision "effectively exclude[s] a defendant's first choice of counsel." *Id.* Consistent with this principle, Tennessee courts have held that a trial court does not abuse its discretion by denying a continuance where newly retained counsel is unprepared for trial, but appointed counsel is ready to proceed. *See State v. Frazier*, No. E2023-00887-CCA-R3-CD, 2025 WL 1013959, at *4 (Tenn. Crim. App. Apr. 3, 2025), *perm. app. filed* (Tenn. June 3, 2025); *State v. Watt*, No. M2012-01487-CCA-R3-CD, 2014 WL 97291, at *16-17 (Tenn. Crim. App. Jan. 10, 2014), *perm. app. denied* (Tenn. May 15, 2014).

Here, the trial court expressly recognized the Defendant's interest in proceeding with retained counsel. However, it appropriately weighed that interest against broader considerations relevant to the administration of the case and trial.

First, with respect to the length of time the defense has had to prepare, the trial court noted that the Defendant was charged nearly two years ago. During that time, he has had five different appointed attorneys, and the case has been actively litigated, especially over the past eight months. The current trial date was set in April 2025 and repeatedly described by the court as a "date certain." Yet the Defendant retained private counsel on July 9—just weeks before trial. Under these facts, the trial court reasonably concluded that the late substitution did not justify postponing a long-pending trial. *See Frazier*, 2025 WL 1013959, at *4.

Second, regarding diligence, the trial court noted that the Defendant had cycled through appointed counsel, insisted on proceeding pro se, and then reversed course shortly before trial. The court viewed these actions not as the product of careful preparation and

- 4 -

found that they were part of a strategy to delay the proceedings. The limited record does not weigh against this finding. As this Court has long recognized:

> Once a fair and reasonable initial opportunity to retain counsel has been provided, and adequate counsel obtained, the court, mindful of the accused's interest in having counsel in whom he has confidence, is free to deny a continuance to obtain additional counsel if, upon evaluation of the totality of the circumstances, it reasonably concludes that the delay would be unreasonable in the context of the particular case.

*State v. Zyla*, 628 S.W.2d 39, 42 (Tenn. Crim. App. 1981); *see also State v. Rainey*, No. M2012-02408-CCA-R3-CD, 2014 WL 931044, at *8 (Tenn. Crim. App. Mar. 11, 2014), *no perm. app. filed*.

Third, the trial court properly considered the inconvenience to the court, parties, and public. This case involves five co-defendants, all of whom are currently in custody and awaiting trial. In preparation for this multi-defendant proceeding, jury summonses have already been issued, and logistics are in place to accommodate a large, multi-defendant trial. A last-minute continuance would affect not only the trial schedule and preparations by other counsel, but also the rights of other defendants, the interests of the public, and the administration of justice. These are legitimate and serious concerns in the context of this case. *See Hurn*, 2023 WL 7001621, at *5 (noting that inconvenience to the court, opposing party, and witnesses is a relevant consideration).

Fourth, while the Defendant generally contends that a continuance would give newly retained counsel adequate time to prepare, he has made no specific showing that additional time would materially affect the defense or improve the fairness of the trial. It is reasonable to expect that newly retained counsel—aware of the impending trial date—would not have accepted the representation unless they believed they could fulfill their professional obligations within that timeframe. And in the short time since their appearance, counsel have actively litigated the case, filing and seeking rulings on more than half a dozen pretrial motions—demonstrating both familiarity with the record and engagement with the issues. Absent any concrete indication of immediate or irreparable harm, the record does not support the conclusion that a continuance is necessary for these reasons.

Finally, this is not the last word. If the Defendant is convicted, he remains free to raise his continuance claim on direct appeal, with the benefit of a full trial record. *See,*

*e.g.*, *State v. Boyd*, No. M2021-01057-CCA-R3-CD, 2023 WL 2726779 (Tenn. Crim. App. Mar. 31, 2023), *perm. app. denied* (Tenn. Sept. 12, 2023). In that setting, the appellate courts will have a complete view of how, if at all, the denial of the continuance affected the trial's fairness. Thus, the Defendant will not forfeit "a right or interest that may never be recaptured" by proceeding to trial as scheduled.

In light of the totality of the circumstances, the trial court's denial of the Defendant's motion to continue does not reflect a departure from the accepted and usual course of judicial proceedings. The record does not support a finding of legal error or abuse of discretion sufficient to justify extraordinary relief under Rule 10.

## CONCLUSION

In summary, and upon review of the Defendant's application and supporting materials, we conclude that the trial court's ruling does not represent a fundamental illegality, a failure to proceed according to the essential requirements of the law, a plain and palpable abuse of discretion, or the loss of a right or interest that may never be recaptured. Because the Defendant has not demonstrated an extraordinary departure from the ordinary course of judicial proceedings, the application for extraordinary appeal is respectfully DENIED. Because the Defendant has been determined to be indigent, the costs of this proceeding are taxed to the State of Tennessee.

JUDGE TOM GREENHOLTZ
JUDGE ROBERT H. MONTGOMERY, JR.
JUDGE KYLE A. HIXSON