# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE AT KNOXVILLE

## KELLY FRYE v. STATE OF TENNESSEE

**Criminal Court for Sullivan County**
**No. C76561**

_____

**No. E2025-01206-CCA-R10-PC**

_____

## ORDER

The Petitioner, through counsel, seeks an extraordinary appeal pursuant to Tennessee Rule of Appellate Procedure 10 from (1) the post-conviction court's preliminary order entered on April 21, 2025; (2) the order denying a motion to strike or vacate that order entered on May 13, 2025; and (3) the order denying an interlocutory appeal entered on August 1, 2025.[1]  The Petitioner argues that the post-conviction court's dismissal of her ineffective assistance of counsel claim as being previously determined, and its subsequent denials of requests for rehearing and review, "so far departed from the accepted and usual course of judicial proceedings as to require immediate review."  Tenn. R. App. P. 10(a). The Petitioner also requests a stay of the post-conviction proceedings.  Upon review of the application and its supporting documents, we conclude that the Petitioner has not demonstrated grounds for extraordinary relief under Rule 10.  Accordingly, a response from the State is not required, and the application is DENIED.  Tenn. R. App. P. 10(d).

The attachments to the application include the pro se petition for post-conviction relief, filed on September 21, 2025; the post-conviction court's preliminary order, filed on April 21, 2025; the post-conviction court's order denying the Petitioner's motion to strike or vacate the preliminary order, filed on May 13, 2025; the Petitioner's application seeking interlocutory review of the post-conviction court's May 13, 2025 order, filed on June 12, 2025; the State's motion to dismiss the petition for post-conviction relief, filed on June 27, 2025; and the post-conviction court's order denying the Petitioner's motion for interlocutory review, filed on August 1, 2025.

---

[1]     Although an application for extraordinary appeal pursuant to Rule 10 often follows a trial court's denial of a motion for interlocutory appeal made pursuant to Rule 9, the trial court's denial of a Rule 9 motion is not required for a litigant to file an application for extraordinary appeal in this court.  Therefore, we will limit our disposition of this application to an examination of whether the post-conviction's April 21, 2025 order warrants extraordinary review.

# FACTUAL BACKGROUND

In February 2018, a Sullivan County Criminal Court jury convicted the Petitioner of making a false report. The trial court imposed a two-year sentence suspended to probation. On appeal, the Petitioner challenged the sufficiency of the evidence supporting her conviction, the trial court's imposition of certain probationary conditions, and the trial court's subsequent denial of a motion for reduction of sentence filed pursuant to Tennessee Rule of Criminal Procedure 35. The Petitioner also alleged on direct appeal that she "was deprived her constitutional rights to a public trial, to trial by an impartial jury, and to the effective assistance of counsel at trial." *State v. Frye*, No. E2019-00686-CCA-R3-CD, 2021 WL 1971982, at *1 (Tenn. Crim. App. May 17, 2021), *no perm. app. filed*. This court affirmed the trial court's judgment. *Id*.

On September 21, 2022, the Petitioner filed a pro se petition for post-conviction relief. The Petitioner employed a standard post-conviction petition form, checking as grounds that: (1) her "[c]onviction was based on action of a grand or petit jury in that it was unconstitutionally selected and impaneled," (2) that her conviction resulted from the "[d]enial of effective assistance of counsel," (3) that "[n]ewly discovered evidence" existed, and (4) "[o]ther grounds." *See* Tenn. Sup. Ct. R. 28, Appendix A. In an attachment to the post-conviction petition, the Petitioner provided supporting facts relevant to the newly discovered evidence claim—that "[t]wo new witnesses" were "willing to provide new evidence that [the Petitioner] was unaware of until now."

On April 21, 2025, the post-conviction court entered a preliminary order finding, generally, that the post-conviction petition was "not verified by the petitioner" and that "the petition as filed d[id] not include sufficient factual allegations to support [the Petitioner's] claims." *See* Tenn. Code Ann. §§ 40-30-104(e), -106(d). The post-conviction court dismissed the Petitioner's claims concerning the composition of the jury and the ineffective assistance of counsel, finding that those claims were previously determined on direct appeal. *See* Tenn. Code Ann. § 40-30-106(f). Additionally, the post-conviction court dismissed the "other grounds" claim for failing to provide sufficient factual allegations in support of that claim. However, the post-conviction court ruled that the Petitioner had raised a colorable claim regarding newly discovered evidence and appointed post-conviction counsel "to review the petition, consult with petitioner, and investigate all possible constitutional grounds for relief for the purpose of filing an amended petition, if necessary." *See* Tenn. Code Ann. § 40-30-107.

Thereafter, the Petitioner filed a motion to strike or vacate the post-conviction court's preliminary order. Following a hearing on May 13, 2025, the post-conviction

court entered an order denying the motion. As relevant to the Petitioner's motion to strike, the order states that the "motion to strike or vacate preliminary order is denied." Neither a copy of the Petitioner's motion to strike or vacate nor a transcript of the May 13, 2025 hearing is included in the application before this court.

On June 12, 2025, the Petitioner filed a motion requesting an interlocutory appeal from the post-conviction court's May 13, 2025 order denying her motion to strike or vacate the preliminary order.[2] *See* Tenn. R. App. P. 9(b). Following a hearing on August 1, 2025, the post-conviction court denied the Petitioner's motion for interlocutory appeal. The post-conviction court's interlocutory appeal denial order states that the "petitioner may file such claims as counsel deems necessary and appropriate in the amended petition for post-conviction relief and any issue related to the preliminary order may be raised in an appeal as of right." A transcript of the August 1, 2025 hearing is not included in the application before this court.

## LAW

Tennessee Rule of Appellate Procedure 10 permits an extraordinary appeal from an interlocutory order "on application and in the discretion of the appellate court alone." Tenn. R. App. P. 10(a). The rule authorizes such review only in two circumstances: (1) when "the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review," or (2) when review is "necessary for complete determination of the action on appeal as otherwise provided in these rules." *Id.* The application must be accompanied by "copies of any order or opinion relevant to the questions presented in the application and any other parts of the record necessary for determination of the application." Tenn. R. App. P. 10(c). It may also be supported by affidavits or other relevant documents. *Id.*

Our supreme court has made clear that Rule 10 relief is reserved for the most exceptional cases. As the court has explained previously,

> An appellate court should grant a Rule 10 extraordinary appeal only when the challenged ruling represents a fundamental illegality, fails to proceed according to the essential requirements of the law, is tantamount to the denial

---

[2] We note that the motion for interlocutory appeal reflects that the Petitioner was represented by at least seven different attorneys from February 2023 through April 2025, none of whom filed an amendment to the post-conviction petition. The motion also reflects that the judge originally assigned to preside over adjudication of the petition recused himself from the litigation in March 2025. That said, the attachments to the application for extraordinary appeal do not include any orders filed by the original judge or transcripts of any hearings held.

of a party's day in court, is without legal authority, is a plain and palpable abuse of discretion, or results in either party losing a right or interest that may never be recaptured.

. . . .

Unlike Rule 9 appeals, Rule 10 appeals are reserved only for *extraordinary* departures from the accepted and usual course of judicial proceedings.

*Gilbert v. Wessels*, 458 S.W.3d 895, 898 (Tenn. 2014) (citations omitted) (emphasis in original). This high threshold reflects the extraordinary nature of the remedy and the need to preserve the orderly progression of trial proceedings in the absence of truly exceptional circumstances.

## ANALYSIS

In the application for extraordinary appeal now before this court, the Petitioner challenges the post-conviction court's April 21, 2025 preliminary order. The Petitioner specifically argues that the post-conviction court's "issuance of a second preliminary order nearly three years after filing, without amendment opportunity or State response" departed from the usual course of accepted judicial proceedings, that "*res judicata* was misapplied" relative to the post-conviction court's ruling that two claims were barred by previous determination, and that the "sua sponte application of *res judicata* . . . creates an appearance of judicial bias."

The Post-Conviction Procedure Act requires preliminary consideration of a petition for post-conviction relief to determine: whether the petition is filed timely and in the appropriate court, Tennessee Code Annotated section 40-30-106(b); whether another petition attacking the same conviction is already pending, Tennessee Code Annotated section 40-30-106 (c); whether a sufficient factual basis to support a claim has been alleged, Tennessee Code Annotated section 40-30-106(d); and whether a colorable claim is raised and whether a claim is waived or previously determined, Tennessee Code Annotated section 40-30-106(f). Specific to previously determined claims, the Code provides that a petition for post-conviction relief shall be dismissed upon preliminary consideration if the "claims for relief" it contains have been previously determined. "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing[,]" and "[a] full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." Tenn. Code Ann. §

40-30-106(h). Although the post-conviction court may, in its discretion, permit amendment of a colorable claim made without a sufficient factual basis, Tennessee Code Annotated section § 40-30-106(d), the court is required to dismiss claims that have been previously determined. Tenn. Code Ann. §40-30-106(f); *see also Cone v. State*, 927 S.W.2d 579, 581-82 (Tenn. Crim. App. 1995) (ineffective assistance of counsel is a single claim and "[a] petitioner may not relitigate a previously determined issue by presenting additional factual allegations" at a later proceeding). The Code further provides that "[i]f the petition is not dismissed pursuant to this rule, the court shall enter a preliminary order" appointing counsel for an indigent petitioner and directing amendment of the petition. Tenn. Code Ann. §§ 40-30-106, -107.

As noted, the application before this court contains no pleadings, orders, or transcripts establishing what transpired prior to the post-conviction court's entry of the April 21, 2025 preliminary order. The post-conviction court, once assigned the case, undertook the statutorily required preliminary consideration of the post-conviction petition. Although the legal conclusions from that preliminary consideration may be challenged on direct appeal, *see*, *e.g.*, *Mustafa v. State*, No. M2024-01099-CCA-R3-PC, 2025 WL 1093227 (Tenn. Crim. App. Apr. 10, 2025), the post-conviction court's preliminary consideration and entry of a preliminary order in no way reflect an extraordinary departure from the accepted and usual course of judicial proceedings. We conclude that the Petitioner has not established any exceptional circumstances to warrant extraordinary appeal in this case.

## CONCLUSION

Upon review of the Petitioner's application and supporting materials, we conclude that the post-conviction court's ruling does not represent a fundamental illegality, a failure to proceed according to the essential requirements of the law, a plain and palpable abuse of discretion, or the loss of a right or interest that may never be recaptured. Because the Petitioner has not demonstrated an extraordinary departure from the ordinary course of judicial proceedings, the application for extraordinary appeal is DENIED. The Petitioner's request for a stay of the post-conviction proceedings is also denied as moot. Because the Petitioner has been determined to be indigent, the costs of this proceeding are taxed to the State of Tennessee.

JUDGE KYLE A. HIXSON
JUDGE ROBERT H. MONTGOMERY, JR.
JUDGE STEVEN W. SWORD