IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. ROBB THOMPSON

**Criminal Court for Shelby County**
**No. C2304992, 23-03514**

_____

**No. W2025-01506-CCA-R9-CO**

_____

## ORDER

This matter is before the Court upon the application of the Defendant, Robb Thompson, for an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9. The Defendant seeks to challenge the trial court's denial of his motion to dismiss the indictment for violation of his right to speedy trial. The State has filed a response in opposition. Because the trial court denied the Defendant's motion for an interlocutory appeal and he has not met the standard for an extraordinary appeal pursuant to Tennessee Rule of Appellate Procedure 10, we deny his Rule 9 application for an interlocutory appeal.

In August 2019, the Defendant was arraigned in General Sessions court on one count of theft of property over $60,000. The Defendant was released on bond. In July 2020, the case was bound over to the grand jury after the Defendant waived a preliminary hearing. However, the Defendant was not indicted until September 2023. On March 28, 2024, the Defendant filed a motion to dismiss based on a violation of his right to speedy trial, asserting that he was prejudiced by the death of a material witness for the defense. The trial court conducted a hearing on the motion on October 24, 2024. On January 22, 2025, the trial court issued an order denying the motion to dismiss.

On February 20, 2025, the Defendant filed a motion in the trial court for an interlocutory appeal, asserting that immediate review would prevent needless and protracted litigation and would prevent irreparable injury. *See* Tenn. R. App. P. 9(a)(1), (2). The trial court conducted a hearing on the motion on May 23, 2025. On September 17, 2025, the trial court issued an order denying the motion for interlocutory appeal. The trial court relied upon the Tennessee Supreme Court's holding in *State v. Hawk* "that a defendant is not entitled to interlocutory review of speedy trial claims." *See* 170 S.W. 3d 547, 556 (Tenn. 2005). On September 29, 2025, the Defendant filed an application for interlocutory appeal pursuant to Rule 9 in this Court.

Interlocutory appeals are an exception to the general rule requiring a final judgment before initiating an appeal; thus, these types of appeals are typically disfavored, especially in criminal cases. *State v. Gilley*, 173 S.W.3d 1, 5 (Tenn. 2005). Tennessee Rule of Appellate Procedure 9 provides for an interlocutory appeal "only upon application and in the discretion of the trial *and* appellate court." Tenn. R. App. P. 9(a) (emphasis added). Because the trial court denied his motion for an interlocutory appeal, the Defendant does not meet the requirements of Rule 9, including the requirement that the trial court certify the specific issue for appeal and the reasons supporting immediate review. *See* Tenn. R. App. P. 9(b).

Even if this Court were to construe the Defendant's application as a request for an extraordinary appeal pursuant to Tennessee Rule of Appellate Procedure 10, it would not be well taken. Where a trial court has previously denied a party's application for an interlocutory appeal, "the appellate court must respect the trial court's discretionary decision not to grant permission to appeal under Rule 9 and refrain from granting a Rule 10 appeal" unless "the trial court's alleged error qualifies for immediate review under the specific criteria indicated by Rule 10." *Gilbert v. Wessels*, 458 S.W.3d 895, 899 (Tenn. 2014). Rule 10 provides for an extraordinary appeal where "the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review" or "if necessary for complete determination of the action on appeal." Tenn. R. App. P. 10(a). "The circumstances in which review is available . . . are very narrowly circumscribed to those situations in which the trial court . . . has acted in an arbitrary fashion, or as may be necessary to permit complete appellate review on a later appeal." Tenn. R. App. P. 10, Adv. Comm. Cmt. As the Tennessee Supreme Court has explained:

> An appellate court should grant a Rule 10 extraordinary appeal only when the challenged ruling represents a fundamental illegality, fails to proceed according to the essential requirements of the law, is tantamount to the denial of a party's day in court, is without legal authority, is a plain or palpable abuse of discretion, or results in either party losing a right to interest that may never be recaptured.

*Gilbert*, 458 S.W.3d at 898 (citing *State v. McKim*, 215 S.W.3d 781, 791 (Tenn. 2007).

Nothing before this Court indicates that the trial court departed from the accepted and usual course of judicial proceedings or acted in an arbitrary fashion. Even if the trial court made an erroneous legal ruling, that in and of itself does not necessarily warrant the granting of an extraordinary appeal. However, we do not reach the issue of whether the trial court's ruling was proper; rather, we conclude that the trial court's ruling does not rise to the level contemplated by the high standards of a Rule 10 extraordinary appeal. The Defendant will not lose the opportunity to seek review of this issue in a subsequent appeal as of right following the entry of final judgment, should one be sought. *See* Tenn. R. App.

P. 3(b).   If he is acquitted, the issue becomes moot.

Based on the foregoing reasons, IT IS ORDERED that the Defendant's application for interlocutory appeal is hereby DENIED.   The Defendant's Motion to Supplement the Record is also DENIED as moot.   Costs associated with this appeal are hereby taxed to the Defendant.

s/ J. Ross Dyer, Judge
s/ John W. Campbell, Judge
s/ Matthew J. Wilson, Judge