IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. MARVIN M. GREEN**

**Criminal Court for Unicoi County**
**No. 8398**

_____

**No. E2025-02059-CCA-R10-CD**

_____

**ORDER**

The Defendant, Marvin M. Green, has filed a *pro se* application for extraordinary appeal seeking dismissal of the indictment "on due process and equal protection grounds." Tenn. R. App. P. 10. Alternatively, the Defendant seeks the appointment of conflict-free counsel and a speedy trial. Following our review, we deny the *pro se* application for extraordinary appeal.

*PROCEDURAL BACKGROUND*

The attachments to the application reflect that the Defendant was indicted on November 5, 2025, for possession with the intent to sell or deliver more than one-half gram of methamphetamine, possession with the intent to sell or deliver more than one-half gram of fentanyl, and possession of drug paraphernalia. At arraignment, the trial court determined the Defendant to be indigent and appointed the District Public Defender to represent the Defendant.

*APPLICABLE LAW*

An extraordinary appeal may be sought from an interlocutory order pursuant to Rule 10 of the Rules of Appellate Procedure "on application and in the discretion of the appellate court alone . . .(1) if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review, or (2) if necessary for complete determination of the action on appeal as otherwise provided in these rules." Tenn. R. App. P. 10(a). The application for an extraordinary appeal "shall be accompanied by copies of any order or opinion or parts of the record necessary for determination of the application." Tenn. R. App. P. 10(c). The rule further provides that "[t]he application may also be supported by affidavits or other relevant documents." *Id.*

Relative to this court's consideration of a Rule 10 application for an extraordinary appeal, our supreme court has advised

> An appellate court should grant a Rule 10 extraordinary appeal only when the challenged ruling represents a fundamental illegality, fails to proceed according to the essential requirements of the law, is tantamount to the denial of a party's day in court, is without legal authority, is a plain and palpable abuse of discretion, or results in either party losing a right or interest that may never be recaptured. . . . .
>
> Unlike Rule 9 appeals, Rule 10 appeals are reserved only for *extraordinary* departures from the accepted and usual course of judicial proceedings.

*Gilbert v. Wessels*, 458 S.W.3d 895, 898 (Tenn. 2014) (citations omitted) (emphasis in original).

*ANALYSIS*

The court takes judicial notice of related appellate proceedings in *State v. Green*, No. E2025-01470-CCA-R3-CD, which this court summarily dismissed for lack of jurisdiction on September 29, 2025. From that matter, we glean that the Defendant was arrested on August 15, 2025, for possession of methamphetamine, fentanyl, and drug paraphernalia. On September 3, 2025, the general sessions court held a preliminary hearing after which the case was bound over to the grand jury. On September 17, 2023, while the case was pending in the grand jury, the Defendant filed pro se motions in the trial court seeking the appointment of counsel, suppression of evidence, and a speedy trial. On September 23, 2025, the Defendant filed a notice of appeal via Rule 3 of the Tennessee Rules of Appellate Procedure seeking dismissal of his charges and the appointment of counsel.

Now, having been indicted, the Defendant levies similar challenges to the trial court's arraignment and seeks dismissal of his indictment "on due process and equal protection grounds" without elaboration as to what due process or equal protection violations have allegedly occurred. The record reflects that the Defendant's arraignment in no way "represents a fundamental illegality, fails to proceed according to the essential requirements of the law, is tantamount to the denied of a party's day in court, is without legal authority, is a plain and palpable abuse of discretion, or results in either party losing a right or interest that may never be recapture." *Wessels*, 458 S.W.3d at 898. The trial court acted as it was required to act upon the return of the indictment. *See* Tenn. R. Crim. P. 10. The Defendant has failed to establish that any departure from the accepted and

usual course of judicial proceedings occurred, much less that an *extraordinary* departure occurred.

Moreover, the court advises that the Defendant cannot proceed *pro se* in this court while represented by counsel. *See State v. Burkhart*, 541 S.W.2d 365, 371 (Tenn. 1976); *State v. Cole*, 629 S.W.2d 915, 917 (Tenn. Crim. App. 1981). To the extent that the Defendant might challenge the trial court's selection of appointed counsel, we conclude that no extraordinary departure has been shown.

## CONCLUSION

Accordingly, the Defendant's *pro se* application for extraordinary appeal is DENIED. Because the Defendant has been determined to be indigent, the costs of this proceeding are taxed to the State of Tennessee.

JUDGE ROBERT H. MONTGOMERY, JR.
JUDGE KYLE A. HIXSON
JUDGE STEVEN W. SWORD